[Civ. No. 29618. Fourth Dist., Div. Two. June 21, 1983.]

HARRY OKUDA et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
JOHN F. DAY et al., Real Parties in Interest.

**COUNSEL**

Best, Best & Krieger and Raymond N. Haynes for Petitioners.

No appearance for Respondent.

Reynolds & Reider and D. Brian Reider for Real Parties in Interest.

## OPINION

**McDANIEL, J.**—Harry and Gloria Okuda, petitioners, filed a complaint in the Superior Court of Riverside County against John F. and Mary Ida Day and Two Days Realty, Inc., real parties in interest herein, for breach of contract, fraud, rescission and restitution, negligence, and for relief to a good faith improver. At the time they filed their suit, the Okudas recorded a lis pendens against the subject real property. The Days moved to expunge the lis pendens on the ground that the suit did not concern or affect the title to or possession of land. Respondent superior court granted the motion, and the Okudas sought a writ of mandate to compel the court to vacate its order and to enter a new and different order denying the motion. ■ ■ ■ ■ We granted the alternative writ, and the matter is now before us for disposition.[1]

The primary issue is whether, as the Okudas contend, Code of Civil Procedure section 871.1 et seq., under which, by means of their fifth count the Okudas sought relief as good faith improvers, allows them to record a lis pendens against the improved property.

■ However, a threshold question is whether the Okudas timely filed their petition.

Section 409.4 of the Code of Civil Procedure provides that a party aggrieved by the granting or denial of a motion to expunge a lis pendens must file a petition for writ of mandate "within 20 days after service of written

[1]Three days after the case was scheduled for oral argument, the parties herein informed the court that they had entered into a stipulation regarding the matter and requested a dismissal of the action. Such dismissal is not automatic. "If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot." (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 715-716 [106 Cal.Rptr. 21, 505 P.2d 213]; *Daly* v. *Superior Court* (1977) 19 Cal.3d 132, 141 [137 Cal.Rptr. 14, 560 P.2d 1193].) Identical principles apply to the issuance of a writ of mandate. (*Kirstowsky* v. *Superior Court* (1956) 143 Cal.App.2d 745, 749 [300 P.2d 163].) It is evident that the question at bar involves a matter of continuing public interest. Whether Code of Civil Procedure section 871.1 et seq. permits the filing of a lis pendens has not been judicially determined, and the rights of untold thousands of "good faith improvers" could be affected by the answer. (See *Ballard* v. *Anderson* (1971) 4 Cal.3d 873, 877 [95 Cal.Rptr. 1, 484 P.2d 1345, 42 A.L.R.3d 1392].) Furthermore, appellate review may continue to be thwarted by the settlement of the underlying dispute, as occurred here. Therefore, considering all the circumstances, we conclude that a resolution of the issue would be proper.

notice of the order . . . ." Here the trial court granted the motion to expunge on November 30, 1982. Notice of the ruling was mailed to the parties on that date, although the order was not formally entered until December 13, 1982. The Okudas filed their petition on December 30, 1982.

The Days argue that the deadline for filing a petition expired on December 20, 20 days after receipt of written notice of the ruling, and therefore that the Okudas' petition was not timely. The contention is meritless.

Rule 204 of the California Rules of Court states: "When the court rules upon a demurrer or motion or makes an order or renders a judgment in a matter it has taken under submission, the clerk shall forthwith notify the parties of the ruling, order or judgment. The notification, which shall specifically identify the matter ruled upon, may be given by mailing the parties a copy of the ruling, order or judgment, and it shall constitute service of notice only if the clerk is required to give notice pursuant to Code of Civil Procedure section 664.5."

The written notice mailed by the clerk on November 30th is clearly of the type referred to in rule 204. The procedure herein is not covered by Code of Civil Procedure section 664.5, which generally deals with judgments or orders which *finally* resolve contested matters from which an appeal lies. Therefore, under the terms of rule 204, the clerk's notification of the court's ruling of November 30th did not constitute the written "service of notice" contemplated by Code of Civil Procedure section 409.4. Hence we conclude that the petition was timely filed, for no notice was given by the opposing party and the petition was filed within 20 days of when the challenged order was filed.

We now turn to the merits of the petition.

In their complaint, the Okudas allege that on or about December 10, 1980, they entered into a contract with the Days for the purchase of a house in Riverside County; that the contract called for monthly payments to the Days under a 30-year deed of trust; that they complied with the terms of the contract until June 1982, when they discovered that the Days had not transferred title to the property to them as promised. As a consequence, the Okudas have surrendered possession.

In their fifth count for relief as good faith improvers, the Okudas allege that they constructed or added certain improvements to the property, including a patio, fencing, curtain rods and landscaping, under the mistaken assumption that they held title to the property, and that these improvements would be impossible to remove. Accordingly, they pray that the Days be

ordered to pay an amount equal to the cost of the improvements, and that they be awarded an equitable lien upon the property to secure payment of that amount.

The Okudas' fifth count, as just summarized, is premised on Code of Civil Procedure section 871.1 et seq.,[2] the "good faith improver" statute. This provision applies to any person who makes improvements to land in good faith and under the erroneous belief that he is the owner of the land. (Code Civ. Proc., § 871.1, subd. (a).) The statute vests the court with broad equitable jurisdiction to "effect such an adjustment of the rights, equities, and interests of the good faith improver, the owner of the land, and other interested parties . . . as is consistent with substantial justice to the parties under the circumstances of the particular case." (Code Civ. Proc., § 871.5.)

The Legislature enacted section 871.1 et seq. in 1968 to supplement Civil Code section 1013.5. The latter provision affords the good faith improver only one remedy, removal of the improvements upon payment of the value to the owner of the land. The new provision, as noted, vests the court with broad equitable powers to fashion a remedy "consistent with substantial justice to the parties." However, unlike section 1013.5, relief under the new statute is available only to those improvers who acted under the good faith belief that they *owned* the land in question.

The legislative committee comment to section 871.5 provides some insight into the kinds of relief contemplated by the statute's authors: "Under this section, the court has considerable discretion to select appropriate relief from the full range of equitable and legal remedies. . . . For example, if the landowner desires the land as improved, the court might order . . . that title be quieted in the owner upon condition that he pay to the improver the value of the improvements or some lesser amount. Under appropriate circumstances, the judgment might permit the landowner to make installment payments and give the improver an equitable lien to secure such payments. On the other hand, where the landowner does not desire the land as improved and removal of the improvement is not economically possible, the court might order that title be quieted in the improver on the condition that he pay to the landowner not less than the value of the unimproved land for its highest and best use at the time of trial or, in the alternative, that a judicial sale be made and the landowner be paid not less than such amount."

██ It is apparent from the foregoing that in any action brought under section 871.5 the court could impose an equitable remedy which could affect the title or the right of possession of the improved property. Section 409,

---

[2]Unless otherwise noted, all statutory citations shall refer to the Code of Civil Procedure.

subdivision (a) of the Code of Civil Procedure provides that a plaintiff may record a lis pendens in any action "concerning real property or affecting the title or the right of possession of real property . . . ." Hence, on the basis of their claim for relief under section 871.5, the Okudas were clearly entitled as a matter of law to record a lis pendens against the subject real property. Therefore we hold that the motion to expunge was improperly granted.

The contentions of the real parties in interest are without merit. First, they contend that the Legislature intended to *prohibit* the recording of a lis pendens in conjunction with an action brought under section 871.1. They reach this conclusion by reasoning that the recording of a lis pendens is mandatory under the provisions of the removal statute, Civil Code section 1013.5, whereas section 871.1 is silent as to the recording of a lis pendens.

*Inclusio unius est exclusio alterius* is a sound canon of legislative construction in the proper case, but this is not such a case. Obviously, innocent third party purchasers must be notified of an action brought under the removal statute, otherwise they might easily end up buying less than they bargained for.

It should be no less obvious, if plaintiffs under the good faith improver statute were unable to record constructive notice of their action, that their equitable remedies could be cut off the instant the owner sold the property to a good faith purchaser.

Sound legislative construction militates against an interpretation which envisions the Legislature offering good faith improvers supplemental relief with one hand, and simultaneously nullifying that relief with the other.

A more logical interpretation is that the Legislature considered the availability of a lis pendens under the new statute to be self-evident; thus an express provision to that effect would have been superfluous. Indeed, this was the conclusion of Professor Merryman of Stanford Law School, in an article cited by the Legislature in its comments to section 871.5. "A provision for protection of the interests of third persons," he wrote, "would merely state the obvious . . . ." (Merryman, *Improving the Lot of the Trespassing Improver* (1959) 11 Stan.L.Rev. 456, 494-495.)

The Days also contend that the suit is one for damages only and does not affect the title or right to possession of real property.

As noted, the Okudas seek relief by way of damages and an equitable lien on the property to secure the value of the improvements. The fact that

petitioners seek damages as well as equitable relief does not dilute the court's broad equitable jurisdiction under section 871.5. An analogous situation was presented in *Southern Pac. Transportation Co.* v. *Superior Court* (1976) 58 Cal.App.3d 433 [129 Cal.Rptr. 912], where petitioner claimed that it was entitled to a jury trial because plaintiffs sought damages under section 871.5. The court denied the petition, stating: "The fact that damages is one of a full range of possible remedies does not guarantee real parties the right to a jury for their good faith improver action. We recognize that where a complaint raises both legal and equitable issues, a jury trial may be obtained upon the issues raised by the legal cause. [Citation.] Here, however, there is no possibility of severing the legal from the equitable. The trier of fact must determine whether to quiet title in the improver on the condition he pay to the landowner the value of the unimproved land, or whether and in what amount, to award damages to the improver, or whether to require a completely different form of relief. (See Legislative Committee Comment—Assembly, to § 871.5.) Such a determination is not susceptible of division into one component to be resolved by the court and another component to be determined by a jury." (*Id.*, at p. 437.) The same rationale applies here. The issue of damages cannot be isolated from the equitable remedies available under section 871.5.

Furthermore, it is beyond dispute that an equitable lien is a direct charge or encumbrance upon the property, such that the property itself may be proceeded against in an equitable action and either sold or sequestered, and its proceeds applied in favor of the person in whose favor it exists. (*Nau* v. *Santa Ana Sugar Co.* (1926) 79 Cal.App. 685, 691 [250 P. 705].) Therefore an action to establish or foreclose an equitable lien is clearly one which affects the title or the right to possession of real property. (*Page* v. *W. W. Chase Co.* (1904) 145 Cal. 578, 582 [79 P. 278].)

In a recent case, this court held that an action to impose a constructive trust on real property affected the title or right to possession of property such that plaintiffs were entitled to record a lis pendens. (*Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883, 891 [185 Cal.Rptr. 24].) For purposes of determining the propriety of a lis pendens, the constructive trust and the equitable lien are indistinguishable. "Resulting trusts, constructive trusts and equitable liens are very much akin to each other, and their basic purposes to identify and *impress upon certain property the beneficial rights* that have arisen in an innocent party who in some way contributed to the acquisition, protection or improvement of that property are, in general, the same." (*Holder* v. *Williams* (1959) 167 Cal.App.2d 313, 315 [334 P.2d 291], italics supplied.)

In sum, we hold that petitioners were entitled as a matter of law to record a lis pendens pursuant to their claim for relief as good faith improvers.

## Disposition

Let a peremptory writ of mandate issue directing the Riverside County Superior Court in civil action No. 151697 to vacate its order of November 30, 1982, granting the motion to expunge, and to enter a new and different order denying the motion. The alternative writ is discharged.

Kaufman, Acting P. J., and Rickles, J., concurred.