YATES, Presiding Judge.
The State Department of Revenue (“the Department”) seeks to have set aside the trial court’s order striking the names of Wyatt Brothers Oil Company, Inc.; Wyatt Brothers Enterprises, a partnership; John R. Wyatt; and Charles Wyatt from a notice of lis pendens on real property located in Baldwin, Greene, Hale, Jefferson, and Tuscaloosa counties.
On November 13, 1993, a final order was entered by an administrative law judge in favor of the Department, assessing a wholesale-oil license tax, a gasoline tax, a lubricating-oils tax, and motor-fuel tax against Wyatt Oil Company, Inc., in the amount of $650,495.70. When the Department attempted to collect on liens “upon all property and rights to property, whether real or personal, tangible or intangible, belonging to [Wyatt Oil Company],” it discovered that in 1991 Wyatt Oil Company had ceased to operate as a business or own assets.
On March 22, 1995, the Department sued Wyatt Oil Company, Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and Charles Wyatt under the Alabama Uniform Fraudulent Transfer Act, § 8-9A-1 et seq., Ala.Code 1975. The Department alleged that certain transactions, transfers, and relationships between the defendants were made to hinder, delay, or defraud the Department from collecting the taxes assessed against Wyatt Oil Company in 1993.
In 1996, Wyatt Oil Company filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. The petition was dismissed by the bankruptcy court. Wyatt Oil Company appealed, and the federal district court, in 1999, determined that the dismissal was appropriate on three grounds: (1) that Wyatt Oil Company had allegedly violated certain environmental laws and it would be impossible for any bankruptcy trustee to manage Wyatt Oil Company’s site in compliance with state and federal law — for example, the existence of the automatic stay in bankruptcy would permit Wyatt Oil Company to impede the clean-up operations of the site required by state and federal law; (2) that Wyatt Oil Company had no assets with which to liquidate debt, and, therefore, this was a bad-faith bankruptcy filing by a corporate shell to avoid state-court litigation; and (3) that the interests of creditors and debtors would be better served by allowing the state courts to proceed with pending suits against Wyatt Oil Company.
The Department’s 1995 fraudulent-transfer action was removed from the administrative docket to the trial docket in 1999. The parties proceeded with discovery. On June 14, 2001, the Department filed a notice of lis pendens ■ as to real property owned by Wyatt Oil Company, Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and/or Charles Wyatt. On February 14, 2002, the defendants filed a “Motion For Immediate Relief From Notice of Lis Pen- *819 dens Filed by Plaintiffs,” seeking to lift the lis pendens as to Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and Charles Wyatt, because no lien had been filed against any of those persons or entities. The trial court held a hearing on the motion, at which the defendants argued that the Department is nothing more than a potential judgment creditor of Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and Charles Wyatt and that, therefore, the Department did not have a basis for filing a notice of lis pendens against any person or entity other than Wyatt Oil Company. The defendants contended that the lis pen-dens notice was preventing the sale of two pieces of property owned by Wyatt Brothers Enterprises[1] and was preventing a lease agreement concerning gasoline stations owned by the defendants other than Wyatt Oil Company. The Department argued that it was trying to protect its interests because, it argued, the defendants were trying to sell properties that could be subject to the tax lien against Wyatt Oil Company if fraudulent conveyances of those properties were proven. The Department contended that this was “one of the first fraudulent-conveyance, pierce the corporate veil cases that the Department of Revenue ha[d] done,” and that it does not file a notice of lis pendens “as a matter of course.” The trial court granted the defendants’ motion, and the Department filed a notice of appeal.
The threshold inquiry is whether the Department’s appeal is properly before this court. The Department argues that the trial court’s order requiring the Department to strike certain names from the lis pendens notice is in the nature of an injunction because the Department is being required “to perform an affirmative act and [the court is] mandating a specified course of conduct.” A preliminary injunction is not a final judgment; nonfinal orders or judgments generally will not support an appeal. Watchous v. North Creek Baptist Church, 706 So.2d 1259 (Ala.Civ. App.1997), citing Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978). However, an interlocutory order granting an injunction is appealable. Seymour v. Buckley, 628 So.2d 554 (Ala.1993). Nevertheless, the striking of names from the lis pendens notice in the present case is not in the nature of an injunction. Our supreme court has treated an order striking a lis pendens as an interlocutory order. Whitehurst v. Peak, 819 So.2d 611 (Ala. 2001). In Whitehurst, the defendants appealed from an order holding that the defendants did not have the authority to rent certain condominiums, denying a continuance, and striking a lis pendens notice. The supreme court issued an order directing the trial court to comply with Rule 54(b), Ala. R. Civ. P.; to adjudicate the remaining claims; or to do nothing, in which case the appeal would be dismissed as from a nonfinal judgment. In response to the supreme court’s order, the trial court found that the defendants had no ownership interest in the real property and made that order final pursuant to Rule 54(b). 819 So.2d 614-15. The defendants appealed again, and the supreme court determined that the trial court’s order was a final judgment as to a wholly different matter than the issues raised in the original appeal. The court stated, “[B]ecause none of the issues from the [original] appeal ... have been certified as final, they remain interlocutory orders and ‘[a] nonfi- *820 nal judgment will not support an appeal .... ’ Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999).” 819 So.2d at 615. See also Orange County v. Hongkong & Shanghai Banking Corp., 52 F.3d 821 (9th Cir.1995)(appeal dismissed because the order expunging a lis pendens is not the functional equivalent of an injunction and, therefore, not immediately appealable).
Rather than dismiss the Department’s appeal in this case, we choose to treat it as a petition for a writ of mandamus. In Ex parte Wallace & Wallace Chemical & Oil Corp., 417 So.2d 940 (Ala.1982), the supreme court issued a writ of mandamus and a writ of prohibition where the trial court did not have the authority ex mero motu to instruct a party to file a pleading that challenged the legality of a property deed and where the trial court was likewise without the authority to order the filing of a lis pendens.
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
The Department contends that it can file a notice of lis pendens to give prospective purchasers of property from a taxpayer’s nominee or alter ego notice of a pending but undecided claim to attempt to enforce a tax lien against the nominee or alter ego. This is an issue of first impression in Alabama.
The Department’s lien against Wyatt Oil Company is a tax lien. A tax lien for any tax, other than an ad valorem tax, attaches to “all property and rights to property, whether real or personal, tangible or intangible, belonging to such person” liable for payment of the tax. § 40-29-20, Ala. Code 1975. A person is defined as “[a]ny individual, association, estate, trust, partnership, corporation, or other entity of any kind.” § 40-1-1(8), Ala.Code 1975.
Section 35-4-131(a), Ala.Code 1975, provides:
“(a) When any civil action or proceeding shall be brought in any court to enforce any lien upon, right to or interest in, or to recover any land, or where an application has been made to the probate judge of any county for an order of condemnation of land, or any interest therein, the person, corporation or governmental body commencing such action or proceeding or making such application shall file with the judge of probate of each county where the land or any part thereof is situated a notice containing the names of all of the parties to the action or proceeding, or the persons named as those having an interest in the land in the application for an order of condemnation, a description of the real estate and a brief statement of the nature of the lien, writ, application or action sought to be enforced.”
(Emphasis added.)
Section 35-4-131(a) requires a notice of lis pendens to be filed with the probate judge in the county where the real property lies in civil actions seeking “to enforce any lien upon, right to or interest in, or to recover any land,” and in actions where there is an “order of condemnation.” The notice must contain the names of all the persons to the action or proceeding, or the persons named as those having an interest in the land; a description of the real property; and a brief statement of the nature of the lien, writ, application or action, sought to be enforced. Section 35-4-132 *821 provides that when a sheriff executes a levy on real property, he shall file a notice of the levy with the probate judge of the county where the real property is located.
Section 35-4-135 protects bona fide purchasers of real property if the notice required in § 35^1-131 or § 35-4-132 is not recorded, unless that person has actual notice of the action, proceeding, levy, or application. The predecessor to § 35^1-135 provided:
“If a person beginning any suit affecting, or if any officer, levying any process upon real estate, shall fail to have the required notice entered in the lis pen-dens record, such suit or levy shall not affect the rights of a bona fide purchaser, mortgagee, or other lienee, of such real estate unless they have actual notice of the suit or levy.”
Title 47, § 69, Ala.Code 1940 (Recomp. 1958). This language had remained virtually unchanged since the enactment of Act No. 77, Ala. Gen. Acts 1915. In 1971, the Legislature amended the statute, omitting the language “any suit affecting” and instead referring to § 66 and § 67, Title 47, Ala.Code 1940 (Recomp. 1958), the predecessors to § 35-4-131 and § 35-4-132. Section 35-4-131 is specifically limited to actions to “enforce any lien upon, right to, or interest in, or to recover any land,” and condemnation proceedings.
“The sole purpose of a lis pen-dens notice is to afford notice to a bona fide purchaser who might purchase the property during the pendency of the action.” Scott v. Hales, 575 So.2d 1058, 1060 (Ala.1991), citing Batson v. Etheridge, 239 Ala. 535, 195 So. 873 (1940). Although a lis pendens is only a notice of the pending litigation affecting title to real property, “it renders title unmarketable and therefor[e] effectively prevents the property’s transfer until the litigation is resolved or the lis pendens is expunged.” Kerns v. Kerns, 53 P.3d 1157, 1164 n. 6 (Colo.2002).
We note that in Alabama a notice of lis pendens is filed without a hearing and without having to meet any burden of proof as to the authenticity of the claim to the real property. § 35-4-131(a), Ala.Code 1975.[2] Once the notice of lis pendens is filed, the probate judge must record the notice in the lis pendens record. § 35-4-131(a), Ala.Code 1975.[3]
The Department cites Okuda v. Superior Court of Riverside County, 144 Cal. App.3d 135, 192 Cal.Rptr. 388 (1983), in support of its position that it is entitled to file a notice of lis pendens as to property owned by each defendant. In Okuda, the plaintiffs entered into a contract with the defendants to purchase a house. The plaintiffs moved into the house and made numerous improvements, but later discovered that the defendants had never transferred title to the property to them. The plaintiffs sued, alleging breach of contract, fraud, and negligence, and seeking an equitable lien upon the real property, pursuant to the California “good-faith improver” statute, to secure the payment of an amount equal to the cost of the improvements they had made to the property. The plaintiffs recorded a lis pendens notice, which the trial court ordered expunged on the ground that the action did not concern or affect the title to or possession of land. The appeals court noted that *822 under the good-faith improver statute, which applies to improvers who acted under the good-faith belief that they owned the land in question, the trial court has broad discretion in selecting equitable relief. That equitable relief could include the use of equitable liens, and, therefore, in an action brought under the good-faith improver statute, the court could impose an equitable remedy that could affect the title to or the right of possession of the improved property. “Hence, on the basis of their claim for relief under [the good-faith improver statute], the [plaintiffs] were clearly entitled as a matter of law to record a lis pendens against the subject real property.” 144 Cal.App.3d at 140, 192 Cal.Rptr. at 391. The appeals court issued a writ of mandamus ordering the trial court to vacate its order expunging the notice of lis pendens.
Other California appellate courts have declined to follow Okuda. See Wardley Dev., Inc. v. Superior Court of Los Angeles County, 213 Cal.App.3d 391, 262 Cal. Rptr. 87 (1989)(ereditor’s suit to satisfy a money judgment on a commercial transaction unrelated to real property by establishing an equitable-lien interest against the real property did not “affect title” to that real property within the meaning of the lis pendens statute and, therefore, property owner’s petition for a writ of mandamus directing the trial court to expunge the lis pendens notice was due to be granted); Urez Corp. v. Superior Court of Los Angeles County, 190 Cal.App.3d 1141, 235 Cal.Rptr. 837 (1987)(lis pendens notice recorded by party in cause that was essentially a fraud action seeking money damages with additional allegations seeking equitable remedies of a constructive trust or equitable lien was expunged because the party did not claim any ownership interest in the real property but rather sought creation of a beneficial interest in property for the purpose of securing payment of money owed to him). In La Paglia v. Superior Court of San Diego County, 215 Cal.App.3d 1322, 264 Cal.Rptr. 63 (1989), a California appellate court stated:
“In California, a notice of lis pendens gives constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. Any taker of a subsequently created interest in that property takes his interest subject to the outcome of that litigation.
“While the lis pendens statute was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render a defendant’s property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious. In light of its history as a device designed to protect third parties rather than provide plaintiffs with an unfair advantage in litigation, courts have restricted rather than broadened application of this potentially devastating pretrial remedy.”
215 Cal.App.3d at 1326-27, 264 Cal.Rptr. at 66 (citations omitted).[4]
*823 The Department also cites General Electric Credit Corp. v. Winnebago of New Jersey, Inc., 149 N.J.Super. 81, 373 A.2d 402 (1977). In General Electric, the plaintiff sued the defendants for money owed on credit obligations. The parties reached an agreement that the defendants would give the plaintiff a mortgage on two new pieces of real property to secure the deficiencies in their credit obligations, and the case was dismissed. However, the defendants failed to execute the mortgages and the plaintiff filed another complaint claiming an interest in those two properties through an equitable mortgage. Subsequently, the plaintiff learned that the defendants did not have title to one of the pieces of property and that the other piece of property already had a substantial hen on it. The plaintiff amended its complaint to allege fraud and sought a mortgage on other properties owned by the defendants and on a piece of property titled in the name of a company that it alleged was a wholly owned subsidiary of the defendants. The appeals court held that the lis pendens notice was proper because the mortgages the plaintiff sought to enforce would have a direct effect on the title to those properties. General Electric is distinguishable from this case because the claim in General Electric was tied directly to real property through the settlement agreement entered into by the parties.
In the present case, the Department has assessed taxes against Wyatt Oil Company. There is no assessment against Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, or Charles Wyatt. The Department’s claim is essentially that it might lose the ability to satisfy its tax lien against Wyatt Oil Company if the other entities are not listed on its lis pendens notice. This does not justify listing Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, or Charles Wyatt on the lis pen-dens notice for the property. The Department has no liens against Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, or Charles Wyatt, and, therefore, § 35-4-131 does not apply to property owned by those parties. Here, the Department seeks to satisfy the tax lien against Wyatt Oil Company through the underlying action concerning allegedly fraudulent transfers involving property owned by Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, or Charles Wyatt. As such, the Department’s interest is no more than a collateral claim to satisfy the tax lien. Therefore, the trial court properly struck the notice of lis pendens as to Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and Charles Wyatt.
“Mandamus is a drastic and extraordinary remedy, which should be granted only when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner.” Ex parte Norwood, 615 So.2d 1210, 1212 (Ala.Civ.App.1992). We cannot say that the Department has shown that the trial court erred in striking certain names from the lis pendens notice. Accordingly, we deny the petition for writ of mandamus.
We note that the Department is not without remedies. Section 8-9A-7(a)(3)a. of the Uniform Fraudulent Transfer Act provides that in an action for relief against a fraudulent transfer, subject to the applicable principles of equity and in accordance with the Alabama Rules of Civil Procedure, one of the remedies available is “[a]n injunction against further disposition by the debtor or a transferee, or both, of *824 the asset transferred or of other property.”
WRIT DENIED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., concur specially.

. The potential buyer was present at the hearing and, according to the defendants, was prepared to testify “about the proposed transaction and the harm [Wyatt Brothers Oil Company, Wyatt Brothers Enterprises, John R. Wyatt, and Charles Wyatt] would suffer if the lis pendens [was] not lifted.’’

. Compare, e.g., Conn. Gen.Stat. § 52-325 (2001)(landowner is entitled, to postfiling hearing wherein the person filing the notice must present probable cause to sustain the claim).

. If a landowner believes a notice of lis pen-dens has been improperly filed, the landowner may post a bond for double the amount of the value of the land, § 35-4-137, or may file a slander of title action, see Ex parte Boykin, 656 So.2d 821 (Ala.Civ.App.1994).

. The California Legislature revised its lis pendens statutes in 1992, making it easier to expunge a notice of lis pendens, but the revisions did not supersede Urez, supra, and La Paglia, supra. Lewis v. Superior Court of Los Angeles County, 30 Cal.App.4th 1850, 37 Cal.Rptr.2d 63 (1994)(writ of mandamus granted expunging notice of lis pendens in a case alleging fraudulent conveyance and seeking a constructive trust or to quiet title); but see Hunting World, Inc. v. Superior Court of the City & County of San Francisco, 22 Cal. App.4th 67, 26 Cal.Rptr.2d 923 (1994)(notice of lis pendens was proper in case alleging *823 fraudulent conveyance where husband quit-claimed property to his wife).