[No. S117640. July 22, 2004.]

CYNTHIA KIRKEBY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
FREDERICK W. FASCENELLI et al., Real Parties in Interest.

644

C<small>OUNSEL</small>

Law Office of Rick Augustini and Rick Augustini for Petitioner.

No appearance for Respondent.

Callahan & Blaine, Jim P. Mahacek, Michael J. Sachs and Kathleen L. Dunham for Real Parties in Interest.

O<small>PINION</small>

**BROWN, J.**—In this case, we consider whether a fraudulent conveyance claim affects title to or the right to possession of specific real property and therefore supports the recording of a notice of pendency of action—commonly referred to as a lis pendens. We conclude that it does.

F<small>ACTS</small>

FasTags, Inc., (FasTags) is a manufacturer and wholesale seller of identification tags for pets. Petitioner Cynthia Kirkeby and her brother Frederick W. Fascenelli developed the idea for the tags and jointly hold the patent for the manufacturing processes. Frederick and his wife Diana Fascenelli (hereafter the Fascenellis) hold 51 percent of the outstanding stock in FasTags, and Kirkeby owns 39 percent. The remaining 10 percent of FasTags' outstanding stock is held by the FasTags Stock Trust, of which Kirkeby is the trustee.

After Kirkeby resigned from the FasTags board of directors in 1998, she alleged the Fascenellis looted the company. According to Kirkeby, the Fascenellis caused FasTags to execute improper patent licenses to increase their own salaries and bonuses, to pay their personal expenses, and to make improper loans. The Fascenellis allegedly prevented Kirkeby from seeking corporate records, canceled meetings so that Kirkeby could not elect a member to the board of directors, and appointed directors without board approval.

Kirkeby filed the instant action in late 2001. In the complaint, Kirkeby alleged 27 causes of action, including a cause of action for fraudulent conveyance, and sought declaratory and injunctive relief and damages in the aggregate amount of $4.9 million on behalf of herself and FasTags.

In her fraudulent conveyance cause of action, Kirkeby alleged that Frederick obtained a $50,000 loan from FasTags by representing that he would use the borrowed funds to construct a building to house FasTags' operations. But Frederick did not use this loan for its stated purpose. According to Kirkeby, Frederick used the loan to purchase residential income property (the Oak Street Property) for himself and Diana in June 2000. After making this purchase, the Fascenellis immediately transferred their interest in the property to Italy & Greek Holdings, a family limited partnership (the Family Partnership).

Prior to the purchase of the Oak Street Property—in May 1999—Frederick also transferred his interest in his family's residence (the Clark Street Property) to the Fascenelli Family Trust. Several months later, the Fascenellis—as trustees of that trust—transferred the trust's interest in the Clark Street Property to the Family Partnership. Kirkeby alleged that the Fascenellis made both of these transfers in order to defraud creditors in the collection of their claims, and requested that the transfers be voided to the extent necessary to satisfy the claims set forth in her complaint. These transfers formed the bases of Kirkeby's fraudulent conveyance claim as set forth in her complaint.

After filing her action, Kirkeby recorded a notice of lis pendens on the Oak Street Property and the Clark Street Property. The Fascenellis moved to expunge the lis pendens. The trial court granted the motion. During the hearing on the motion to expunge, the court held that the complaint was primarily about money damages and that the recording of a lis pendens was not appropriate where a cause of action for fraudulent conveyance— Kirkeby's only claim relating to the real property at issue—was made but no ownership interest or possessory interest had been claimed in the subject properties.

Kirkeby filed a writ petition seeking review of the expungement order. The Court of Appeal denied the petition. The Court of Appeal held that Kirkeby's complaint did not affect title to or the right to possession of real property so as to support her lis pendens, as required under Code of Civil Procedure section 405.4. The Court of Appeal determined that the basis of Kirkeby's complaint was to recover money that the Fascenellis wrongfully diverted to themselves in the running of FasTags. With respect to Kirkeby's fraudulent conveyance claim, the Court of Appeal stated, "[w]ith the exception of the cause of action for fraudulent conveyance, the complaint has nothing to do

with real property. And the goal of the fraudulent conveyance cause of action is to make the property available for the collection of a judgment, not to further a claim by Kirkeby to title or possession."

We granted review.

## DISCUSSION

■ "A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." (*Urez Corp. v. Superior Court* (1987) 190 Cal.App.3d 1141, 1144 [235 Cal.Rptr. 837].) A lis pendens may be filed by any party in an action who asserts a "real property claim." (Code Civ. Proc., § 405.20.)[1] Section 405.4 defines a " 'Real property claim' " as "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property . . . ." "If the pleading filed by the claimant does not properly plead a real property claim, the lis pendens must be expunged upon motion under CCP 405.31." (Code com., 14A West's Ann. Code Civ. Proc. (2004 ed.) foll. § 405.4, p. 315.)

■ Section 405.30 allows the property owner to remove an improperly recorded lis pendens by bringing a motion to expunge. There are several statutory bases for expungement of a lis pendens, including the claim at issue here: claimant's pleadings, on which the lis pendens is based, do not contain a real property claim. (See § 405.31.)[2] Unlike most other motions, when a motion to expunge is brought, the burden is on the party opposing the motion to show the existence of a real property claim. (See § 405.30.)

■ The Fascenellis moved to expunge pursuant to section 405.31—lack of a real property claim.[3] Section 405.31 provides: "In proceedings under this chapter, the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." In making this determination, the court must engage in a demurrer-like

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2] Other bases for expungement include: (1) claimant's failure to comply with the recording, service or filing requirements of section 405.22 (see § 405.23); (2) claimant's failure to establish the probable validity of a real property claim by a preponderance of the evidence (see § 405.32); (3) claimant is secured by a property owner filing an undertaking (see § 405.33); and (4) claimant's failure to file an undertaking ordered by the court as a condition to maintaining a lis pendens (see § 405.34).

[3] At oral argument, counsel for the Fascenellis stated that, in addition to section 405.31, the motion to expunge was also brought pursuant to section 405.32. Kirkeby's counsel disputed this statement. Upon our review of the record, it is clear that the motion to expunge was brought solely under section 405.31.

analysis. "Rather than analyzing whether the pleading states any claim at all, as on a general demurrer, the court must undertake the more limited analysis of whether the pleading states a real property claim." (Code com., 14A West's Ann. Code Civ. Proc., *supra*, foll. § 405.31, at p. 342.) Review "involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticed as on a demurrer." (Code com., 14A West's Ann. Code Civ. Proc., *supra*, foll. § 405.30, at p. 337.) Therefore, review of an expungement order under section 405.31 is limited to whether a real property claim has been properly pled by the claimant. (Code com., 14A West's Ann. Code Civ. Proc., *supra*, foll. § 405.31, at p. 342.)

Because only Kirkeby's fraudulent conveyance claim relates to real property, we must now determine whether that claim, as pled, affects "title to, or the right to possession of, specific real property." (§ 405.4.) We conclude it does.

■ A fraudulent conveyance claim is set forth in the Uniform Fraudulent Transfer Act (UFTA), which is codified in Civil Code section 3439 et seq. "A fraudulent conveyance is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." (*Yaesu Electronics Corp. v. Tamura* (1994) 28 Cal.App.4th 8, 13 [33 Cal.Rptr.2d 283].) A transfer under the UFTA is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset . . . , and includes payment of money, release, lease, and creation of a lien or other encumbrance." (Civ. Code, § 3439.01, subd. (i).) "A transfer of assets made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the debtor made the transfer (1) with an actual intent to hinder, delay, or defraud any creditor, or (2) without receiving reasonably equivalent value in return, and either (a) was engaged in or about to engage in a business or transaction for which the debtor's assets were unreasonably small, or (b) intended to, or reasonably believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due. [Citations.]" (*Cortez v. Vogt* (1997) 52 Cal.App.4th 917, 928 [60 Cal.Rptr.2d 841], fns. omitted; see also Civ. Code, § 3439.04.)[4]

---

[4] Civil Code section 3439.04 provides: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows: [¶] (a) With actual intent to hinder, delay, or defraud any creditor of the debtor. [¶] (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: [¶] (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or [¶] (2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they become due."

■ Civil Code section 3439.07[5] sets forth the remedies in a fraudulent conveyance action. Under subdivision (a)(1) of that section, a creditor who makes a successful fraudulent conveyance claim may obtain "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Therefore, a fraudulent conveyance claim requesting relief pursuant to Civil Code section 3439.07, subdivision (a)(1), if successful, may result in the voiding of a transfer of title of specific real property. By definition, the voiding of a transfer of real property will affect title to or possession of real property. Therefore, a fraudulent conveyance action seeking avoidance of a transfer under subdivision (a)(1) of Civil Code section 3439.07 clearly "affects title to, or the right to possession of" (Code Civ. Proc., § 405.4) real property and is therefore a real property claim for the purposes of the lis pendens statutes.

*Hunting World, Inc. v. Superior Court* (1994) 22 Cal.App.4th 67 [26 Cal.Rptr.2d 923] (*Hunting World*), offers additional support for this conclusion. In *Hunting World*, the plaintiff filed a federal court action for trademark infringement seeking money damages and the imposition of a constructive trust on profits obtained as a result of the infringement. After being served with the lawsuit, the defendant quitclaimed his interest in his family's residence to his wife. The plaintiff then brought a fraudulent conveyance action in state court to set aside the conveyance and recorded a lis pendens against the property. On appeal, the Court of Appeal reversed the trial court's order granting the defendant's motion to expunge the lis pendens. Using the same reasoning we use here, the Court of Appeal held that an action to set aside a fraudulent conveyance fell within the "clear wording of the 'real property claim' prong of lis pendens law." (*Id.* at p. 73.)

■ Nonetheless, like the defendants in *Hunting World*, the Fascenellis contend a court "must look through the pleadings to ascertain the purpose of the party seeking to maintain notice of lis pendens." (*Hunting World, supra*, 22 Cal.App.4th at p. 73.) In support, the Fascenellis cite *Urez Corp v.*

---

[5] Civil Code section 3439.07 provides in relevant part: "(a) In an action for relief against a transfer or obligation . . . a creditor . . . may obtain: [¶] (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. [¶] (2) An attachment or other provisional remedy against the asset transferred or its proceeds . . . . [¶] (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, the following: [¶] (A) An injunction against further disposition by the debtor . . . of the asset transferred or its proceeds. [¶] (B) Appointment of a receiver . . . . [¶] (C) Any other relief the circumstances may require. [¶] (b) If a creditor has commenced an action on a claim against the debtor, the creditor may attach the asset transferred or its proceeds . . . . [¶] (c) If a creditor has obtained a judgment on a claim against the debtor, the creditor may levy execution on the asset transferred or its proceeds."

*Superior Court, supra*, 190 Cal.App.3d 1141, and several other cases.[6] The Fascenellis' argument fails based on the plain language of the applicable statute. Nowhere in the language of section 405.31, or in its legislative history, is the court directed to conduct such an examination during its demurrer-like analysis. Indeed, the legislative history expressly requires courts to consider only the specific claim as pled and to determine whether that claim is a real property claim: "This section concerns pleading. Prior law became confused because of failure of the courts to distinguish between allegations (pleadings) and evidence. This section concerns judicial examination of allegations only. Judicial examination of factual evidence is separately governed by CCP 405.32. [¶] . . . This section . . . mandates expungement if the pleading does not contain a real property claim. The analysis required by this section is analogous to, but more limited than, the analysis undertaken by a court on a demurrer. . . . [T]he court must undertake the more limited analysis of whether the pleading states a real property claim." (Code coms., Assem. Bill No. 3620 (1991–1992 Reg. Sess.) 3 Assem. J. (1993–1994 Reg. Sess.) p. 4281.)

*Lewis v. Superior Court, supra*, 30 Cal.App.4th 1850, is inapposite and actually supports our conclusion. In *Lewis*, the real party in interest "merely allege[d] that [seller] wrongfully took [real party in interest's] money and used the money to buy—not convey—the property." (*Id.* at p. 1865.) The Court of Appeal concluded that the real party in interest had simply realleged its constructive trust claim, which could not support a lis pendens. (*Ibid.*) The court therefore held that although a fraudulent conveyance claim may support a lis pendens, the complaint in that case did not allege a conveyance of real property. (*Ibid.*)[7]

 By contrast, Kirkeby adequately pled a fraudulent conveyance claim by alleging that the Fascenellis transferred title of the subject properties with the intent to defraud. Specifically, she alleged "that Defendants made these transfers with the actual intent to hinder, delay, and/or defraud all of their creditors in the collection of their claims. . . ." Kirkeby also asked the court to void the transfers of both properties to the extent necessary to satisfy the claims in her complaint. As such, her fraudulent conveyance claim, if

---

[6] The other cases cited are: *BGJ Associates, LLC v. Superior Court* (1999) 75 Cal.App.4th 952 [89 Cal.Rptr.2d 693]; *Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850 [37 Cal.Rptr.2d 63]; *La Paglia v. Superior Court* (1989) 215 Cal.App.3d 1322 [264 Cal.Rptr. 63]; *Wardley Development Inc. v. Superior Court* (1989) 213 Cal.App.3d 391 [262 Cal.Rptr. 87]; *Moseley v. Superior Court* (1986) 177 Cal.App.3d 672 [223 Cal.Rptr. 116]; *Deane v. Superior Court* (1985) 164 Cal.App.3d 292 [210 Cal.Rptr. 406]; *Burger v. Superior Court* (1984) 151 Cal.App.3d 1013 [199 Cal.Rptr. 227].

[7] Because it is not presented in this case, we do not address the question of whether a claim that seeks to impose a constructive trust or equitable lien may be a basis for a lis pendens.

successful, will affect title to specific real property. Accordingly, her lis pendens was improperly expunged based on section 405.31.

In reaching this conclusion, we recognize that the lis pendens statute may be abused. "While the lis pendens statute was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render a defendant's property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious. [Citations.]" (*La Paglia v. Superior Court, supra,* 215 Cal.App.3d at p. 1326, abrogated on another ground by *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1258, fn. 17 [82 Cal.Rptr.2d 85, 970 P.2d 872].) Because of the effect of a lis pendens, "[t]he history of the lis pendens legislation indicates a legislative intent to restrict rather than broaden the application of the remedy." (*Urez v. Superior Court, supra,* 190 Cal.App.3d at p. 1145.) Our courts have followed suit by restricting rather than broadening the application of a lis pendens. (*Ibid.*)

■ Nonetheless, we cannot ignore the plain language of the statute, which clearly establishes that fraudulent conveyance claims may support a lis pendens where the plaintiff seeks to void a fraudulent transfer. If this is problematic, it is up to the Legislature—and not this court—to change the law. In any event, there are many other grounds for expunging a lis pendens. For example, under section 405.32, the court is required to expunge a lis pendens "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Section 405.32—unlike section 405.31—"expressly concerns factual merit. Provision for a demurrer-like review of the pleading is preserved in CCP 405.31." (Code com., 14A West's Ann. Code Civ. Proc., *supra,* foll. § 405.32, at p. 346.) Section 405.32 therefore requires a "judicial evaluation of the merits" of a claimant's case. (Code com., 14A West's Ann. Code Civ. Proc., *supra,* foll. § 405.32, at p. 346.) Under Section 405.33, even if a claimant shows a probably valid claim, the court may still order a lis pendens expunged if adequate relief for the claimant may be secured by the giving of an undertaking. In addition, "the property owner . . . may be entitled to attorney fees and costs if successful" in expunging a lis pendens, and "[t]rial courts should liberally impose these sanctions upon any who file fraudulent transfer actions and record notices of lis pendens before uncovering credible evidence of fraud." (*Hunting World, supra,* 22 Cal.App.4th at p. 74.) The availability of these statutory alternatives and the possible imposition of attorney fees and sanctions should discourage abuse of the lis pendens statute.

■ Finally, we consider the Fascenellis' argument that the UFTA does not allow a lis pendens as a remedy. The UFTA expressly provides for

remedies such as attachments, injunctions, and the appointment of receivers. With respect to a lis pendens as a remedy, "[a]lthough [the UFTA] does not provide for notices of lis pendens, it does not exclude them either." (*Hunting World, supra,* 22 Cal.App.4th at p. 73.) Support for including a lis pendens as a remedy is found in Civil Code section 3439.07, subdivision (a)(3)(C), which entitles a creditor bringing a UFTA claim to "[a]ny other relief the circumstances may require." We believe that this broad language allows a lis pendens remedy. In addition, Civil Code section 3439.10 and its accompanying legislative comments also provide a basis for supporting a lis pendens remedy in a fraudulent conveyance action. Civil Code section 3439.10 provides that "the principles of law and equity" supplement the provisions of the UFTA. The committee comment notes, "Among the remedies preserved by this section are the following: [¶] 1. The recordation of a lis pendens in an appropriate case." (Leg. Com. com., 12A West's Ann. Civ. Code (1997 ed.) foll. § 3439.10, p. 364.)

## Disposition

We reverse the judgment of the Court of Appeal and remand for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.