Filed 3/17/21  Katoozian v. Chu CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MINA KATOOZIAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID CHU et al.,<br><br>    Defendants and Respondents;<br><br>LEANNA TRAN, as Trustee, etc.,<br><br>    Third Party Claimant and<br>    Appellant. | A156465<br><br>(Alameda County<br>Super. Ct. No. RG06286726) |

This is the latest hurdle in a nearly 15-year effort by plaintiff Mina Katoozian to recover for property damage she sustained as a result of poorly done home construction performed by defendant David Chu and his company, US Home Center.  Katoozian obtained a $162,488.03 judgment against Chu in 2009.  However, due to Chu's unlawful scheme to transfer his assets to a family trust followed by his filing of a bankruptcy petition in federal court, it was not until 2016 that Katoozian obtained a writ of execution against Chu and an order was issued to levy upon his real property, commonly known as 4933 San Leandro Street, Oakland, California (hereinafter, Subject Property).

1

After the Subject Property was levied upon, third party claimant, Leanna Tran, with whom Chu has two children, filed the instant third party claim under Code of Civil Procedure section 720.110[1] for exemption as alleged trustee of the Dereconn Family Trust (hereinafter, Trust), asserting sole ownership in the Subject Property. The trial court rejected Tran's third party claim, a ruling that Tran herein challenges on the grounds that: (1) the time to execute on any judgment or to levy against the Subject Property has expired; (2) the trial court failed to recognize her equitable interest in the Subject Property; and (3) the trial court made erroneous factual findings, including that she and Chu had been married, that the Subject Property was their community property, and that Chu's transfer of the Subject Property to the Trust was fraudulent. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about July 13, 2005, a grant deed was recorded in the Alameda County Clerk-Recorder's Office reflecting the transfer of the Subject Property to "David Chu and Leanna Tran, husband and wife, as joint tenants."

On August 30, 2006, Katoozian filed a complaint in this matter against Chu and his business, US Home Center, asserting causes of action for breach of construction contract and negligence. This matter was referred to judicial arbitration, and, on June 27, 2008, Katoozian was awarded "[r]estitution of all funds paid Chu plus costs to restore and prepare property for future

---

[1] Under Code of Civil Procedure section 720.110, subdivision (a): "A third person claiming ownership or the right to possession of property may make a third-party claim under this chapter in any of the following cases if the interest claimed is superior to the creditor's lien on the property: [¶] (a) Where real property has been levied upon under a writ of attachment or a writ of execution."

2

remodeling/repair." The arbitration award was not accepted, however, and this matter returned to court for trial.

On November 21, 2008, Tran sued Chu in Alameda County Superior Court, case No. RG08421763, asserting causes of action for breach of contract, declaratory relief, and imposition of an involuntary trust.

Also in case No. RG08421763, on December 2, 2008, Chu and Tran filed a stipulation for entry of judgment. The next day, December 3, 2008, the trial court entered an order granting the stipulation for entry of judgment, under which Chu waived his right to a hearing on the first and second causes of action and made the following admissions: (1) Chu and Tran had a prior agreement to purchase real property together, including the Subject Property, and to cohabit as joint tenants; (2) they had a prior agreement to hold this property for the mutual benefit of themselves and their minor children; (3) Chu promised Tran that if they separated, he would support Tran and their children by paying $3,500 a month in family support; and (4) Chu, by his mismanagement, misappropriated over $1 million of their joint assets. In settlement of Tran's claims, Chu agreed to pay her $650,000 by "properly execut[ing] Grant Deeds transferring all aforementioned jointly owned real properties to a Family Trust naming plaintiff LEANNA TRAN and the Parties' two minor children . . . as beneficiaries." This unnamed "Family Trust" is not identified anywhere in the stipulated judgment.

On December 9, 2008, while our case remained pending, Chu and Tran recorded a grant deed in the Alameda County Clerk-Recorder's Office transferring the Subject Property to the "DERECONN FAMILY TRUST" (aka, the Trust). However, it was not until nearly a month later, on January 7, 2009, that Tran, named as trustor, executed the "Dereconn Family Trust" instrument before a notary. This instrument assigned three

3

properties, including the Subject Property, to the Trust, and named Benjamin Zhou as appointed trustee and Tran and her two children as beneficiaries.

On May 6, 2009, following trial, a final judgment was entered in this matter in favor of Katoozian and against Chu and US Home Center in the amount of $162,488.03, which included special and general damages, attorney fees and costs.

On June 28, 2010, Katoozian filed case No. RG10522470, also in Alameda County Superior Court, against Chu and Vivian Chen[2] to set aside the transfer of the Subject Property to the Trust as fraudulent and for damages based on conspiracy. In case No. RG10522470, Katoozian alleged inter alia that Chu made this transfer with the "intent to hinder, delay or defraud" her in the collection of the $162,488.03 judgment in this case. Neither Tran nor the trustee of the Trust (Zhou) was named as a party to this lawsuit.

Meanwhile, in this case, Chu underwent a court-ordered judgment debtor's examination on April 27, 2011. Tran was then examined on July 27, 2011, pursuant to a court order served on June 14, 2011.

On July 11, 2011, Chu filed a bankruptcy petition in federal court, and on July 15, 2011, he filed notices of automatic stay in this case and in case No. RG10522470.

Katoozian subsequently filed a complaint in federal bankruptcy court challenging the discharge of the $162,488.03 judgment that she obtained in this case against Chu. On August 16, 2013, after a trial, the federal bankruptcy court agreed with Katoozian and entered a judgment against Chu stating: "[Katoozian's] state court judgment in the amount of $162,488.03,

_____

[2] It was alleged therein that, among other things, Chu transferred by grant deed his interest in other property to Chen as a " 'gift.' "

4

including attorney's fees award by the court, along with post-award interest at the applicable legal rate is ordered to be exempt from discharge pursuant to 11 U.S.C. Sec. 523(a)(2)(A)."[3]

Following this federal court judgment, the trial court in case No. RG10522470 lifted the stay and set the matter for trial. After Chu failed to appear, the trial court entered a default judgment against him on May 5, 2015, providing that "the transfer from defendant CHU to the Dereconn Family Trust regarding the [Subject Property] is set aside and declared void as to the plaintiff herein to the extent necessary to satisfy plaintiff's judgment in the sum of $162,488.03 . . . ." In addition, the court issued an order pendente lite "enjoining and restraining defendants and their representatives, attorneys, and agents from selling, transferring, conveying, assigning, or otherwise disposing of any of the property transferred," and declared the judgment in this case to be "a lien on the property transferred." Chu did not appeal this judgment.

On July 23, 2015, the Trust filed a motion to set aside the default judgment in case No. RG10522470, supported by a declaration submitted by Tran. In her declaration, Tran attested that the judgment affected property owned by the Trust, which " 'is an irrevocable trust formed on or around December 10, 2008 pursuant to Stipulation and Order Re: Conditional Settlement, filed on December 3, 2008 in the Alameda County Superior Court, Case no. RG08421763' . . . ." Tran further attested that Chu was not a

_____

[3] 11 U.S.C. section 523(a)(2)(A) provides in relevant part: "(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— [¶] . . . [¶] (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— [¶] (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

5

trustor or beneficiary of the Trust and that the Trust had not been named as a party in case No. RG10522470.[4]

On November 17, 2015, the trial court in case No. RG10522470 denied the Trust's motion to set aside the judgment on the procedural ground that an action must be prosecuted in the name of the real party in interest and, here, the trustee, not the Trust, is the real party in interest. The court further noted that the stipulation and order in case No. RG08421763 does not mention the Trust by name.[5]

Despite the court's ruling, this set aside motion was never renewed to correct the procedural error (which was originally pointed out in Katoozian's opposition papers); nor was an appeal taken. However, on May 3, 2016, Chu and Tran signed a "Correcting Grant Deed" that purported to grant the Subject Property to "LEANNA TRAN, as Trustee of the DERECONN FAMILY TRUST." (Some all caps omitted.) The "Correcting Grant Deed" was recorded on May 9, 2016.

On May 11, 2016, under a writ of execution issued by the court in this matter on April 13, 2016, the Alameda County Sheriff levied on the Subject Property to satisfy the $162,488.03 judgment against Chu, plus postjudgment interest and fees, for an amount totaling $275,741.95.

_____

[4] On June 30, 2015, Zhou resigned as trustee of the Trust. Although Tran represented that she became the successor trustee, there is no evidence in the record that the appropriate procedures in the trust instrument for replacing a resigned trustee were followed.

[5] The stipulation and order filed with the court merely states that Chu agreed to transfer his ownership interest in the Subject Property (and two other properties) to "a Family Trust naming [Tran] and the Parties' two minor children . . . as beneficiaries" in satisfaction of Chu and Tran's stipulated judgment.

6

On November 16, 2016, Tran filed the instant third party claim for exemption pursuant to Code of Civil Procedure section 720.110, asserting that she held title to the Subject Property as trustee of the Trust. This claim underlies the present appeal.

In December 2016, Katoozian petitioned for hearing on Tran's third party exemption claim. In a bifurcated hearing, the trial court first considered the threshold issue of "whether [Katoozian] is barred from levying on the [Subject] Property on her judgment against CHU, based upon the limitations period set forth in [Code of Civil Procedure] §708.120(c) or other statute." On August 4, 2017, the trial court issued a "FINAL ORDER RE: STATUTE OF LIMITATIONS," concluding Katoozian was not time-barred by any such statute. A hearing on the merits then began in June 2018, at which Tran, Katoozian, and Zhou testified. Closing arguments were heard in September 2018.

On January 11, 2019, the trial court issued an order after hearing denying Tran's claim, which was followed by an amended order on January 14, 2019. This amended order stated: "[T]he Court has taken into consideration all of the arguments and claims being made by [the parties] and, after reviewing the evidence as a whole, DECLINES to (1) vacate and set aside the court's original judgment [in this case] against Chu; (2) DECLINES to set aside the court's order voiding the grant deed transferring CHU's interest in the PROPERTY to Third Party Claimant, having made an independent finding that the grant deed was fraudulent

7

transfer; and (3) DECLINES to grant Third Party TRAN'S Claim for Exemption." (*Sic.*) Tran's timely appeal followed.[6]

## DISCUSSION

Tran's main contention is that the seven-year statute of repose set forth in Civil Code section 3439.09, subdivision (c)[7] (section 3439.09(c)) or some other applicable statute of limitations absolutely bars Katoozian from seeking to execute on any judgment or obtaining a levy against the Subject Property. Additionally, Tran contends the default judgment against Chu in case No. RG10522470, which set aside and declared void the transfer of the Subject Property to the Trust, is itself void because it deprived Tran, who was not a party to case No. RG10522470, of her ownership interest in the Subject Property without affording her notice and an opportunity to be heard. Last, Tran contends the trial court erroneously found that: (1) she had no equitable interest in the Subject Property; (2) the Trust was an illegal vehicle established in order to prevent Katoozian from collecting on her $162,488.03 judgment against Chu; and (3) Tran and Chu were previously married, rendering this judgment a community debt. We address these contentions in turn below.

## I.    *Legal Framework.*

"Where personal property has been levied upon (whether by writ of attachment, writ of execution, writ of sale or writ of possession), a party claiming a security interest or lien may file a third party claim pursuant to Code of Civil Procedure section 720.210 et seq. [Citation.] After filing a

---

[6] Tran's notice of appeal identifies the trial court's orders of January 11 and 14, 2019. However, the January 14, 2019 order is simply an amended version of the original order dated January 11, 2019.

[7] Unless otherwise stated, all statutory citations herein are to the Civil Code.

8

claim with the levying officer setting forth its security interest, the secured party may petition the court for a hearing to determine the validity of the third party claim and the correct disposition of the property. (Code Civ. Proc., § 720.310, subd. (a); [citation].)" (*Oxford Street Properties, LLC v. Rehabilitation Associates, LLC* (2012) 206 Cal.App.4th 296, 307, fn. omitted (*Oxford Street*).) The third party claimant bears the burden to prove the validity of its claim of an ownership interest in the property. (*Ibid*.; Code Civ. Proc., § 720.360.) If the third party meets its burden, the burden then shifts to the creditor (here, Katoozian) to establish that its interest in the property is superior. (*Oxford Street, supra*, at p. 307; see *Whitehouse v. Six Corp.* (1995) 40 Cal.App.4th 527, 535 [creditor bears the burden of proving its allegation that the property transfers to the third party claimant were fraudulent].)

On appeal, we review the trial court's factual findings for substantial evidence. (*Oxford Street, supra*, 206 Cal.App.4th at p. 307.) In doing so, we review the record for any evidence, contradicted or uncontradicted, that supports the trial court's findings, indulging all legitimate and reasonable inferences in favor of upholding those findings. (*Ibid*.; *Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571.)

Where a purely legal issue is raised on appeal, we review it de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799–800.)

## II.  *No forfeiture as to the statute of repose or the statutes of limitations.*

Tran contends section 3439.09(c)'s seven-year statute of repose[8] or some other, shorter statute of limitations precludes Katoozian from reaching

---

[8] Section 3439.09(c) provides that "a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation

the Subject Property to satisfy her judgment against Chu because the grant deed transferring the Subject Property to the Trust was recorded on December 9, 2008, yet the Subject Property was not levied upon until May 2016, over seven years later.

Katoozian responds that Tran forfeited the right to raise her timeliness challenge because her notice of appeal does not identify the "FINAL ORDER RE: STATUTE OF LIMITATIONS" issued by the trial court on August 4, 2017. Katoozian is incorrect. Notwithstanding its nomenclature, the final order re: statute of limitations was an interlocutory order on Tran's statute of limitations claim rather than an appealable final judgment. (Code Civ. Proc., § 904.1; see Code Civ. Proc., § 597; *Gavin W. v. YMCA of Metropolitan Los Angeles* (2003) 106 Cal.App.4th 662, 669 [" ' "When . . . the court proceeds to try a special defense which does not constitute a bar to the entire action before the trial of any other issue, and the decision on such special defense is in favor of the defendant, the proper procedure is to make a minute order to that effect, proceed to the trial of the remaining issues, make findings of fact and conclusions of law on all issues, and render judgment accordingly. In such a case, the decision of the court on the special defense and all rulings on it may be reviewed on appeal from the judgment" ' "].)

Moreover, the August 4, 2017 order did not address the statute of repose under section 3439.09(c). A statute of repose is distinct from a statute of limitations and, unlike a statute of limitations, may not be forfeited. " ' "While the running of a statute of limitations will nullify a party's remedy, the running of a statute of repose will extinguish both the remedy and the right. The statute of limitations is therefore a procedural mechanism, which

_____

was incurred." (See *PGA West Residential Assn., Inc. v. Hulven Internat., Inc.* (2017) 14 Cal.App.5th 156, 179 (*PGA West*).)

10

may be waived [i.e., forfeited].  On the other hand, the statute of repose is a substantive provision which may not be waived [i.e., forfeited] because the time limit expressly qualifies the right which the statute creates." ' [Citation.]" (*PGA West, supra*, 14 Cal.App.5th at p. 186.)  The effect of a statute of repose " 'thus is harsher than a statute of limitations in that it cuts off a right of action after a specified period of time, irrespective of accrual or even notice that a legal right has been invaded.  [Citation.]' " (*McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 78, fn. 2.)

Under this authority, we thus proceed to the merits of Tran's challenges under the statutes of repose and limitations.

### III.  *Tran's untimeliness claims fail.*

In her own words, Tran's "principal defense" is this:  "The instant levy was issued outside the 7-year statute of repose at [section 3439.09(c)].  It was issued more than 7 and half years [*sic*] after the transferee [Tran] and the judgment debtor [Chu] entered a stipulated judgment and recorded a deed to transfer the subject asset.  This means all claims that the judgment creditor [Katoozian] might bring in avoidance of those transactions . . . stand extinguished.  It also means that [Katoozian] must live with the results of that stipulated judgment as a matter of issue preclusion."  In fact, Tran raises over a dozen arguments in her opening brief premised on section 3439.09(c).  Because, for reasons that follow, we conclude Tran's premise is wrong, we collectively dispose of all of her arguments under section 3439.09(c) without discussing them individually.

We first turn to the statutory language, which states, "Notwithstanding any other provision of law, a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought *or* levy made

11

within seven years after the transfer was made or the obligation was incurred." (§ 3439.09(c), italics added.)

This language is consistent with the statutory scheme as a whole. Section 3439.09(c) is part of the Uniform Voidable Transactions Act (UVTA) (§ 3439 et seq.). Under the UVTA, a fraudulent conveyance " 'is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim.' [Citation.]" (*Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 648.) " 'A creditor who is damaged by a transfer described in either section 3439.04 or section 3439.05 can set the transfer aside or seek other appropriate relief under . . . section 3439.07.' [Citation.]" (*Potter v. Alliance United Ins. Co.* (2019) 37 Cal.App.5th 894, 904.) "A key feature of the UFTA[9] is that a creditor is permitted, but not required, to maintain an action to annul a fraudulent conveyance before his debt has matured. [Citations.] As stated in *Weisenburg v. Cragholm* (1971) 5 Cal.3d 892, 896 [citations], 'it is no longer necessary that a creditor reduce his claim to judgment before seeking the benefit of the remedy. [Fn. omitted.]' " (*Cortez v. Vogt* (1997) 52 Cal.App.4th 917, 930 & fn. 12.) In other words, the creditor has a choice: to await judgment in an action on the underlying debt and then file an action to set aside a fraudulent transfer, or to immediately file the set aside action.

Consistent with this choice, section 3439.09(c) only extinguishes a cause of action for a fraudulent transfer if the creditor fails to bring the action *or* to obtain a levy within the seven-year time frame. (§ 3439.09(c).) The statute does not require both events to have occurred within that time

---

9 The UVTA was formerly known as the Uniform Fraudulent Transfers Act (UFTA) until it was amended and renamed effective January 1, 2016. (Stats. 2015, ch. 44, § 3.)

frame. (*In re Jesusa V.* (2004) 32 Cal.4th 588, 622 ["The ' "ordinary and popular" ' meaning of the word 'or' is well settled. [Citation.] It has a disjunctive meaning: 'In its ordinary sense, the function of the word "or" is to mark an alternative' "].)

Here, Katoozian filed case No. RG10522470 to set aside Chu's fraudulent December 9, 2008 transfer of the Subject Property on June 28, 2010. Clearly, her lawsuit, filed less than two years after the fraudulent transfer, is timely. Moreover, Tran's attempt to avoid this result by focusing on the fact that the Subject Property was not *levied upon* until seven and a half years after its transfer violates basic tenets of statutory construction. It goes without saying that we must read a statute in its entirety rather than in piecemeal fashion, giving expression to each of its words and phrases. (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32; see *In re Jesusa V., supra*, 32 Cal.4th at p. 622.) Section 3439.09(c), thus, does not help Tran on appeal.

These same facts defeat Tran's statute of limitations claims. Tran relies upon the four-year statute of limitations under the UVTA for intentional fraud (Civ. Code, § 3439.09, subd. (a))[10] and the three-year statute of limitations for canceling a deed on the basis of fraud (Code Civ. Proc., § 338, subd. (d)).[11] Given that Katoozian filed her set aside action (case No.

---

[10] Civil Code section 3439.09, subdivision (a) provides in relevant part, "A cause of action with respect to a transfer or obligation under this chapter is extinguished unless action is brought . . . or levy made . . . : [¶] (a) . . . not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant."

[11] Code of Civil Procedure section 338, subdivision (d) provides, "Within three years: [¶] . . . [¶] (d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

13

RG10522470) less than three years after the December 9, 2008 fraudulent transfer, assuming for the sake of argument that one or both of these limitations periods apply, Katoozian met them.

## IV. *No Due Process Violation.*

Tran also contends the trial court erred by upholding the default judgment against Chu in case No. RG10522470 that set aside and declared void the Subject Property's transfer to the Trust. According to Tran, this default judgment is itself void because, in violation of her due process rights as the Trust's trustee, it eliminated her ownership interest in the Subject Property even though she was not named as a party and had no notice of the case.

Below, the trial court rejected Tran's due process argument after independently considering both parties' evidence and finding that Chu's transfer of the Subject Property to the Trust was appropriately set aside and voided in case No. RG10522470. We agree with this result.

First, Katoozian was not required to join Tran as an indispensable party in case No. RG10522470 because Katoozian sought nothing from Tran. Rather, Katoozian sought and obtained a judgment against Chu personally. (See *Diamond Heights Village Assn., Inc. v. Financial Freedom Senior Funding Corp.* (2011) 196 Cal.App.4th 290, 304 (*Diamond Heights*) ["The Association was free to exclude Financial Freedom from the fraudulent conveyance cause of action if it sought only a personal judgment against Williams and Crosby"].)

Moreover, while Tran argues that a transferee may be an indispensable party in a fraudulent conveyance action (see § 3439.08, subd. (b)(1)(A)), Tran was not the transferee when case No. RG10522470 was filed. Rather, the transferee would have been the person named as the trustee of the Trust,

14

which was Benjamin Zhou.[12] (*Portico Management Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 473 [" 'Legal title to property owned by a trust is held by the trustee . . . . 'A . . . trust . . . is simply a collection of assets and liabilities' "].) And while it appears Zhou resigned as trustee sometime in 2014 and Tran began acting as successor trustee, as the trial court noted, there is no evidence that she was appointed successor trustee in accordance with the governing terms of the Trust instrument.[13] (See Prob. Code, § 21102, subd. (a) ["The intention of the transferor as expressed in the instrument controls the legal effect of the dispositions made in the instrument"].)

In any event, putting aside case No. RG10522470, the record in this case is clear that Tran, represented by counsel, presented both argument and evidence, including her own testimony, in support of her third party claim of exemption. Moreover, the trial court confirmed before ruling in this case that it had "consider[ed] all of the evidence and testimony . . . ." Tran offers nothing to dispute the trial court's statement. As such, there is simply no factual basis to Tran's claim that she was deprived of due process with respect to the trial court's judgment, consistent with the federal bankruptcy court's 2013 judgment, that the December 2008 transfer of the Subject Property to the Trust was fraudulent and therefore appropriately set aside and voided. (See *Beaudreau v. Superior Court* (1975) 14 Cal.3d 448, 458 ["in

---

[12] On September 30, 2011, Katoozian moved in case No. RG10522470 to amend the complaint to add Zhou and Tran as parties. However, the trial court denied her motion and dropped the matter from the calendar due to the automatic stay issued as a result of Chu's bankruptcy.

[13] The January 14, 2019 order notes, "There are two versions of this trust instrument; one in which the name of the successor trustee is left blank and another in which the name of the successor trustee is filled in by hand as Leanna Tran."

every case involving a deprivation of property within the purview of the due process clause, the Constitution requires some form of notice and a hearing" that is " ' "meaningful," [citation] and "appropriate to the nature of the case" ' "].)

## V. *Substantial evidence supports the court's findings.*

Last, we reject Tran's evidentiary challenges to certain of the trial court's factual findings. When reviewing the record for substantial evidence, " 'we must presume the court found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses . . . .' " (*Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653 (*Engineers & Architects*); see *Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925.) For reasons that follow, having applied this deferential standard to the record at hand, we find no basis for disturbing the trial court's findings.

### A. *The transfer was correctly set aside and voided.*

A transfer is fraudulent if the debtor made the transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor," "[w]ithout receiving a reasonably equivalent value in exchange for the transfer," and with the intent to incur debts beyond the debtor's ability to pay. (§ 3439.04, subd. (a)(1), (2); *Diamond Heights, supra*, 196 Cal.App.4th at pp. 303–304.) Here, the trial court found that Chu fraudulently conveyed his interest in the Subject Property to the Trust, with Tran and their children named as beneficiaries, for no consideration in order to evade his debt to Katoozian. In addition, the trial court found that the Trust did not yet exist at the time of the December 2008 transfer, such that title to the Subject Property never passed to the Trust. Substantial evidence supports these findings. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874 [where a factual finding is

16

attacked on appeal, "the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination"].)

Tran maintains that the Trust was created by the December 3, 2008 order granting Tran and Chu's stipulation for entry of judgment in case No. RG08421763. However, under this order and based on Chu's purported admission that he was indebted to Tran in the amount of $650,000, Chu agreed to transfer his ownership interest in the Subject Property (and two other properties) to an unnamed "Family Trust." A week later, on December 9, 2008, *after* Katoozian received a favorable arbitration award in this case,[14] a purported grant deed was recorded by Chu and Tran in the Alameda County Clerk-Recorder's Office granting the Subject Property to the "DERECONN FAMILY TRUST" (aka, the Trust). Yet, on December 9, 2008, the Trust did not exist. It was not until January 7, 2009, that Tran, as trustor, executed the " 'Dereconn Family Trust' " instrument before a notary appointing Zhou as trustee and assigning the Subject Property and two other properties to the Trust with herself and their two children as beneficiaries.

This record constitutes substantial evidence in support of the trial court's conclusion that Chu's transfer of the Subject Property to the Trust was both fraudulent and legally ineffective, as title to property cannot be held by a nonexistent entity. (See *Diamond Heights, supra*, 196 Cal.App.4th at pp. 303–304; *Diocese of San Joaquin v. Gunner* (2016) 246 Cal.App.4th 254, 273 ["an attempted conveyance of real property to a nonexistent entity is void" because "[t]itle cannot be held by an entity that does not exist"].)

---

[14] This arbitration award was not accepted, and the matter was placed back on the court calendar for trial.

Continuing her attempts to evade this result, Tran argues that certain equitable doctrines, including judicial or direct estoppel and issue preclusion, preclude Katoozian from arguing that the Subject Property never left Chu's hands because she previously relied on the "inconsistent" argument that the transfer was made without adequate consideration.

We disagree. Katoozian has consistently, and correctly, urged in court that Chu devised the Trust as a way to avoid payment of the judgment she obtained against him. Whether the Trust was never formed or was formed for an illegal purpose in violation of section 3439.04, subdivision (a), the result is the same: Chu's interest in the Subject Property was never legally transferred to the Trust. Equity does not preclude Katoozian, or the court, from pointing this out. (See *ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 832 ["courts invoke judicial estoppel to prevent judicial fraud from a litigant's *deceitful assertion of a position completely inconsistent with one previously asserted*, thus compromising the integrity of the administration of justice by creating a risk of conflicting judicial determinations" (italics added)]; *Cloud v. Northrup Grumman Corp.* (1998) 67 Cal.App.4th 995, 1018 [" 'judicial estoppel' is a concept to be applied with restraint in egregious cases only and with clear regard for the facts of the particular case"].)[15]

---

[15] Tran's contention that the trial court failed to adjudicate whether this fraudulent conveyance caused injury to Katoozian is also belied by the record. The trial court found that "credible evidence" proved that Tran and Chu were married, the Subject Property was community property subject to satisfaction of Chu's debt, and "the purported transfer [of the Subject Property to the Trust] *was an improper and illegal attempt to shield assets from potential judgment*." (Italics added.) Katoozian, who had obtained a judgment against Chu in the amount of $162,488.03 plus interest, was clearly injured by Chu's "illegal attempt to shield potential assets from judgment," which is why the court declared the grant deed transferring the

18

Finally, Tran is wrong to suggest that the trial court erred in finding the Trust was an illegal vehicle for defrauding creditors "without any disputation of [Tran's] creditability [*sic*] concerning her statements that the trust was created to hold the asset for family support." The trial court made clear in its orders that it had considered all of the parties' evidence. The court was not required to specifically state for the record whether it found Tran credible; the judgment in favor of Katoozian speaks for itself. (See *Engineers & Architects, supra*, 30 Cal.App.4th at p. 653 [when reviewing the record for substantial evidence, " 'we must presume the court found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses' "]; see also *Nestle v. City of Santa Monica, supra*, 6 Cal.3d at p. 925.)

B.      *Tran's corrected grant deed was invalid.*

We hasten to add that, contrary to Tran's suggestion, the "Correcting Grant Deed" recorded by Tran and Chu on May 3, 2016, in no way validates or resurrects the void property transfer. (Some all caps omitted.) As the trial court correctly reasoned: "The attempted correction in this case took place after entry of judgment against CHU on May 6, 2009, after recordation of an abstract of judgment on July 31, 2009 which created a lien on the [Subject Property], after entry of the Bankruptcy Court judgment on August 16, 2013 declaring CHU's debt nondischargeable, after entry of judgment against CHU on May 5, 2015, and after issuance of a writ of execution on April 13, 2016. Judgment liens cannot be avoided by transferring real property; the lien may be enforced against the property in the same manner and to the same extent

---

Subject Property to the Trust is "void as to the plaintiff herein to the extent necessary to satisfy plaintiff's judgment . . . ."

19

as if there had been no transfer," citing Code of Civil Procedure section 695.070 and *Dieden v. Schmidt* (2002) 104 Cal.App.4th 645, 651–652.

We agree with the trial court's analysis. (See *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 929 ["A void contract is without legal effect. (Rest.2d Contracts, § 7, com. a, p. 20.) 'It binds no one and is a mere nullity.' [Citation.] 'Such a contract has no existence whatever. It has no legal entity for any purpose and neither action nor inaction of a party to it can validate it' "].)

C. *The Subject Property was Chu and Tran's community property.*

Tran further contends the trial court erred in finding that she was previously married to Chu, such that the Subject Property was community property available to satisfy Katoozian's judgment. Tran is wrong.

Below, Tran supported her argument with a single document—a "Certification of No Record" from the Alameda County Clerk-Recorder's Office indicating that no record of marriage was found for Tran and Chu for the period of January 1, 1992, to January 20, 2017. The trial court, meanwhile, rejected Tran's evidence based on several other public records in evidence, including certified records of the Alameda County Clerk-Recorder's Office consisting of a grant deed for the Subject Property and multiple "interspousal transfer grant deeds" that identify Chu and Tran as " 'husband and wife' " or Tran as Chu's "spouse."

The trial court also relied on the fact that, while Tran claimed she immediately separated from Chu after being hospitalized on November 11, 2007, public records reflect that on November 21, 2007, Tran and Chu together executed a $900,000 deed of trust to Metropolitan Bank encumbering the Subject Property. And, as mentioned, it was not until *after* Katoozian sued Chu in 2008 and obtained a favorable arbitration ruling

20

against him that Tran filed the action against Chu for family support. Tran's action then quickly resulted in the stipulated judgment of December 3, 2008, wherein Chu agreed to transfer his interest in all jointly owned real properties, including the Subject Property to an unnamed family trust. As we have already held (*ante*, pp. 16–19), this transfer was appropriately set aside as fraudulent and declared void.[16]

On this record, affording every favorable inference necessary to support the trial court's judgment, substantial evidence proves that Chu and Tran were married and that the Subject Property was their community property. (See *Engineers & Architects, supra*, 30 Cal.App.4th at p. 653); see also *In re Marriage of Braendle* (1996) 46 Cal.App.4th 1037, 1042 ["While [the couple] were married, section 910 of the Family Code permitted [husband's] creditors to go after community property to satisfy his debts 'regardless of whether one or both spouses are parties to the debt or to a judgment for the debt' "].)

D.  *Tran did not acquire an ownership interest in the Subject Property by equitable title.*

Last, Tran argues that the trial court erred by failing to recognize the equitable interest she acquired in the Subject Property by: (1) maintaining the Subject Property, servicing its loans, and paying its taxes and insurance for 10 years; (2) maintaining "continuous adverse possession" for 10 years; and (3) paying consideration and receiving the Subject Property's deed, which gave rise to a resulting trust.

Tran's equitable arguments are misplaced. The law of quiet title provides a remedy "when legal title has been *acquired through fraud . . . .*"

---

[16] We reject Tran's argument that the stipulated judgment, by which Chu attempted to illegally transfer the Subject Property to a trust in order to defraud Katoozian, "conclusively establish[ed] that [Chu] and [Tran] were never married but only cohabitants."

21

(*Warren v. Merrill* (2006) 143 Cal.App.4th 96, 114, italics added.)  In such a case, available "remedies include quieting title in the defrauded equitable title holder's name and making the legal title holder the constructive trustee of the property for the benefit of the defrauded equitable titleholder."  (*Ibid.*)  The law of quiet title provides no remedy, however, where, as here, a legal title holder resorts to fraud in an attempt to shield the property from a creditor's valid judgment.  (See generally 5 Witkin, Cal. Procedure (2019) Pleading, § 667 ["plaintiff who attacks the legal title on equitable grounds is in effect contending that the defendant obtained legal title by fraud or similar inequitable conduct, and must specifically allege the facts constituting that conduct"].)

Under these circumstances, the trial court correctly rejected Tran's assertions of equitable title.

### DISPOSITION

The trial court orders of January 11 and 14, 2019, are affirmed. Katoozian is entitled to costs on appeal.

22

_____

Jackson, J.

WE CONCUR:

_____

Fujisaki, Acting P. J.

_____

Petrou, J.

A156465/*Katoozian v. Chu*