Filed 9/1/21  Yan v. Hearst CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| TINA YAN et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>JOSEPH HEARST,<br><br>        Defendant and Respondent. | A161732<br><br>(Alameda County<br>Super. Ct. No. RG19017165) |

Attorney Joseph Hearst represented Tina Yan and Thai Ming Chiu in an appeal from a judgment against them in an action to set aside Demas Yan's fraudulent transfers of real property.[1]  Tina and Chiu then sued Hearst for professional negligence, and the trial court entered judgment in Hearst's favor.  On appeal, Tina and Chiu contend the trial court erred in concluding they could not state a cause of action.  We disagree and affirm.

---

[1] Because Tina and Demas share the same last name, we refer to each by first name only.

## BACKGROUND

### A.

The Uniform Voidable Transactions Act (the Act; Civ. Code, § 3439 et seq.) permits defrauded creditors to reach property that a debtor has transferred to a third party with actual fraudulent intent.[2] (§ 3439.04, subd. (a)(1) [transfer made by debtor is voidable as to creditor if debtor made transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor"]; see *Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 648; *Mejia v. Reed* (2003) 31 Cal.4th 657, 663, 664.)  Section 3439.08, subdivision (a), provides that an otherwise fraudulent transfer is not voidable "against a person that took in good faith and for a reasonably equivalent value . . . ."

An aggrieved creditor may also obtain relief for constructive fraud, without the need to prove the debtor's actual intent.  (§ 3439.05, subd. (a).)  The statute provides:  "A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." (*Ibid.*)

### B.

This dispute has a long procedural history.  It originates in a previous professional negligence action that Charles Li filed against Demas in 2010, involving Demas's representation of Li in lawsuits

---

[2] Undesignated statutory references are to the Civil Code.

concerning property ownership rights.  We draw the background facts largely from appellate decisions authored by our colleagues in Division Three of this court—in *Li v. Chiu* (May 31, 2018, A149849 [nonpub. opn.] (*Li v. Chiu I*)) and *Li v. Chiu* (Dec. 22, 2020, A156760 [nonpub. opn.] (*Li v. Chiu II*))—which we judicially notice on our own motion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

Following a bench trial on Li's malpractice action, the trial court found that Demas had engaged in the unauthorized practice of law and was liable to Li for professional negligence, breach of fiduciary duty, breach of contract, and fraud.  Division Two of this court affirmed the judgment against Demas.  (See *Li v. Yan* (2016) 247 Cal.App.4th 56, 59, 62.)  A judgment was entered against Demas totaling $1,086,001.12.

## C.

Through efforts to enforce the judgment, Li learned that Demas had transferred certain residential property to a wholly owned limited liability company in 2007 and then, after trial commenced in the professional negligence action, Demas transferred his ownership interest in the LLC to relatives, purportedly to repay debts Demas owed.  After the LLC was ordered to appear for a judgment debtor examination, the property was transferred yet again to a newly formed LLC.

In February 2014, after learning of the suspicious transactions involving the property, Li filed a complaint to set aside the transfers for actual fraud (§ 3439.04, subd. (a)(1)) as well as constructive fraud (§ 3439.05).  Li alleged the conveyances were made to prevent him from satisfying his judgment against Demas, and named as defendants Demas, Tina and Cheuk Tin Yan (Demas's parents), Chiu and Kaman

3

Liu (Demas's brothers-in-law), and the two LLCs that had held title to the property.

Li entered defaults against Demas and the two LLCs. A jury trial proceeded against Demas's parents and his brothers-in-law (the "transferee defendants"). At the same time, a bench trial was conducted on the transferee defendants' equitable title affirmative defense. Demas testified that he had not paid any of Li's judgment and that he had essentially no assets or income (despite supporting himself and his children). He originally bought the property in 2000. Twelve years later, he transferred his ownership in the first LLC (holding title to the property) as follows: 68.43 percent to his mother, Tina; 25.83 percent to Chiu; and 5.74 percent to Liu. After Demas failed to appear for a debtor's exam as an agent for the LLC, the property was again transferred to a new LLC owned by the transferee defendants in the same percentages. Around the same time, the property was publicly offered for sale at the price of $1,925,000.

The jury returned special verdicts against all of the defendants, finding each liable for actual and constructive fraud. The jury also found that Tina and Chiu did not take their interests in the property in good faith or for reasonably equivalent value. Concluding that the transferee defendants failed to prove they made investments or purchased an ownership interest in the property, the trial court denied their request for equitable relief.

The trial court entered default judgments against Demas and the two LLCs and, consistent with the special verdicts returned by the jury, entered judgment against each of the transferee defendants in the following amounts: $824,180.57 jointly against Demas's parents, Tina

4

and Cheuk Tin (who is now deceased); $324,167.58 against Chiu; and $72,037.24 against Liu. The judgment also declared Demas to be the sole owner of all legal and equitable interest in the property. The trial court also granted Li's request for attorney fees and entered a first amended judgment that incorporated an award of attorney fees of $802,059.50 and costs of $11,527.19.

## D.

In their appeal from the first amended judgment entered in the fraudulent conveyance case (*Li v. Chiu I, supra*, A149849), Hearst represented the transferee defendants. They raised two issues on appeal: (1) that the trial court erred in granting Li's motions in limine preventing them from presenting certain evidence; and (2) that it was error to award attorney fees against the transferee defendants because they were not parties to the earlier action between Li and Demas and cannot be liable for attorney fees incurred to enforce the judgment in that earlier action. (*Li v. Chiu I, supra,* A149849.)

Our colleagues in Division Three found in favor of the transferee defendants on the second issue only. Noting that there had been no finding that the transferee defendants conspired with Demas to engage in the fraudulent transfers for the purpose of evading Li's enforcement of his judgment, Division Three concluded there was no basis to impose an attorney fee award against anyone other than Demas. The trial court was directed to enter a new amended judgment providing that the fees award was imposed solely against Demas. The judgment was otherwise affirmed. (*Li v. Chiu I, supra*, A149849.)

5

**E.**

On remand, the trial court entered the second amended judgment. In accordance with the *Li v. Chiu I* decision, the trial court modified the judgment to state that the attorney fees award may be recovered only against Demas.[3] The second amended judgment also provides:

"A. Judgment of $824,180.57 is hereby entered jointly against Cheuk Tin Yan and Tina Yan.

"B. Judgment of $324,167.58 is hereby entered against Thai Ming Chiu.

"C. Judgment of $72,037.24 is hereby entered against KaMan Liu. [¶ . . . ¶]

"E. Default judgment is hereby entered against defendants Demas Yan and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue, LLC . . . is fraudulent, void, *and hereby set aside to the extent necessary to satisfy plaintiff's judgment* against defendant Demas Yan in *Charles Li v. Demas Yan*, San Francisco Superior Court No. CGC-10-497990 . . . ('Underlying Judgment') . . . .

"F. The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably

---

[3] Tina and Chiu filed a request for judicial notice of the second amended judgment. We originally deferred ruling on their unopposed request but now grant it. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

6

equivalent value; and *is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment* along with the costs and attorneys' fees specified in this Judgment;

"G. Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from 547 23rd Avenue, LLC to defendant 547 Investments LLC . . . is fraudulent, void, and *hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment* along with the costs and attorneys' fees specified in this Judgment.

"H. For the purpose of satisfying plaintiff's Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property. *Plaintiff may execute or foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.*

"I. Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant *provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment.*" (Italics added.)

The transferee defendants then filed a motion to set aside and/or modify the second amended judgment, arguing it is void because it grants Li a double recovery. The trial court denied the motion.

In their appeal from the trial court's order denying their motion (*Li v. Chiu II, supra,* A156760), the transferee defendants argued the second amended judgment was void because, in both setting aside the

7

fraudulent transfers *and* awarding a money judgment, it granted relief beyond that authorized by the Act. Our colleagues in Division Three affirmed the order denying the motion to set aside the judgment, concluding that the transferee defendants forfeited their " 'dual remed[ies]' " argument by failing to raise it in *Li v. Chiu I,* that the judgment was not void, and that the appellants failed to provide an adequate record for review. (*Li v. Chiu II, supra*, A156760.) Although the *Li v. Chiu II* court did not need to reach the merits of the transferee defendants' double recovery argument (because it had been forfeited), the court observed that the argument was not supported by the record or by the Act.

### F.

In the meantime, Tina and Chiu had also filed a complaint for professional negligence against Hearst—the attorney who represented them in the *Li v. Chiu I* appeal. They alleged Hearst had negligently failed to press their "double recovery" argument—that the trial court exceeded its jurisdiction, under the Act, by entering a money judgment *and* setting aside the fraudulent transactions. Had Hearst raised the argument, Tina and Chiu argued the *Li v. Chiu I* appeal would have brought a more favorable result.

Hearst filed a motion for judgment on the pleadings, which the court granted without leave to amend. The trial court entered judgment in Hearst's favor.

### DISCUSSION

### A.

Tina and Chiu contend Hearst violated his professional duty because, had he performed diligent research, Hearst "would have

8

discovered that the money judgments against [them] were rendered erroneously and in excess of authority." After independently reviewing the question (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602-603), we agree with the trial court that Tina and Chiu's complaint does not state a cause of action. (See Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).)

The remedies imposed in this case do not exceed the Act's authority. The Act allows a creditor to, among other remedies, void a transfer of real property to the extent necessary to satisfy the creditor's claim, obtain "[a]n attachment or other provisional remedy against the asset transferred," and "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure . . .[¶] . . . [¶] [to obtain a]ny other relief the circumstances may require." (§ 3439.07, subds. (a)(1)-(2), (a)(3)(C).) In addition, to the extent a transfer is avoidable, "the creditor may recover judgment for the value of the asset transferred, [subject to adjustment as equity requires], or the amount necessary to satisfy the creditor's claim, whichever is less." (§ 3439.08, subd. (b)(1).) Such a judgment may be entered against the "first transferee of the asset or the person for whose benefit the transfer was made" and any subsequent transferee other than "[a] good faith transferee that took for value" and her subsequent transferee. (§ 3439.08, subd. (b)(1)-(2).)

Thus, in addition to setting aside the fraudulent transfers, the trial court had discretion to enter a money judgment against Tina and Chiu. (See §§ 3439.07, subd. (a), 3439.08, subd. (b)(1)(A); *Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 839-840 [trial court "acted well

9

within its discretion" by setting aside fraudulent transfers and entering money judgment against transferee defendants].)

Contrary to Tina and Chiu's implicit assertion, Li did not file an action under the common law; Li sought relief under the Act. (See *Berger v. Varum* (2019) 35 Cal.App.5th 1013, 1019.) The Act does not incorporate a common law rule that, before entering a money judgment against a transferee, the court must make a preliminary finding of conspiracy or unavailability of the transferred property. (Compare § 3439.08, subd. (b)(1)-(2) and *Filip v. Bucurenciu, supra,* 129 Cal.App.4th at pp. 838-840 with *Hy-Lo Unit & Metal Products Co. v. Ryon* (1937) 21 Cal.App.2d 38, 43.) Even if the Legislature had incorporated such common law rules, Tina and Chiu have not demonstrated *neither* exception applies. (See *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellant must affirmatively show error by adequate record].)

The courts' remedial discretion may be constrained by the equitable principle that a creditor cannot obtain a double recovery for the same harm. (See *Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1237; *id*. at p. 1238 [" 'defrauded creditor is not entitled to an enhancement of position beyond what it was before the fraud' "].) *Renda* involved a judgment creditor that had obtained a money judgment in a prior action but had difficulty collecting because the debtor transferred assets to sham entities. The creditor then brought a second action to set aside the transfers and obtain money damages. The trial court voided the transfers but refused to award money damages because they would duplicate damages that the creditor had been awarded in the first action. (*Id*. at p. 1234.) The court of appeal

10

affirmed the trial court's ruling, concluding that a creditor cannot recover duplicative judgments against the debtor. (*Id.* at pp. 1236-1237.)

This case does not present duplicative judgments. Li did not have a preexisting judgment against Tina and Chiu. Moreover, the trial court ensured that Li would not be unjustly enriched by providing that Li's " 'aggregate recovery shall not exceed [his] underlying judgment.' " The second amended judgment merely gave Li alternative means to recover no more than the amount of his underlying judgment. Hearst was not negligent in failing to press the "double recovery" argument.

## B.

Nor did the trial court abuse its discretion in denying leave to amend. (*Ludgate Ins. Co. v. Lockheed Martin Corp., supra,* 82 Cal.App.4th at p. 602.) It is Tina and Chiu's burden to show the defects in their complaint can be cured by amendment. (*Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989.) By failing to address the issue in their opening brief, they concede the complaint's flaws cannot be cured. (*Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4.)

## DISPOSITION

The judgment is affirmed. Hearst shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

11

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A161732