Filed 9/23/24  McCreary v. Vicara Homeowners Association CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| CAMERON McCREARY, | C099382 |
| Plaintiff and Respondent, | (Super. Ct. No. S-CV-0048940) |
| v. | |
| VICARA HOMEOWNERS ASSOCIATION, | |
| Defendant and Appellant. | |

Defendant Vicara Homeowners Association (the Association) appeals an order denying its motion for attorney's fees.  We affirm, albeit on different grounds than the trial court.

**BACKGROUND**

The Association manages a common interest development in Rocklin that consists of over 250 condominiums and that is governed by covenants, conditions, and restrictions, or CC&Rs.  On or about June 23, 2022, it sent a document captioned "hearing results" to Cameron McCreary, Bruce McCreary, and Susan Dedrickson.  The document identified Dedrickson as the "Owner" of a condominium and both McCrearys

1

as a "Tenant/Guest" of that unit. From the document it appears the Association held a hearing June 6, 2022, regarding complaints about the McCrearys involving "continued noise, disturbances, neighbor disputes and harassment actions against other residents as well as destruction of both personal and Association property." It further appears that, following the hearing, the Association found the McCrearys verbally assaulted other residents, threw rocks, rammed objects into exterior walls and doors, and damaged both common areas and property belonging to other residents, all in violation of the CC&Rs. The Association assessed a $12,725 fine and stated it sought "the permanent removal of both Bruce and Cameron McCreary."

On August 17, 2022, Cameron McCreary (hereafter Plaintiff) filed a complaint in pro. per. against the Association for "breach of covenant of warranty." He alleged he did not receive notice of the hearing, he first learned of it when the hearing results document was taped to his front door, he owned the condo at issue and was not a tenant or guest, and he had "no other alternative than to sue . . . this [homeowners association] for the price of a . . . three Bedroom, Two Bath, Two Car Garage Home," which he estimated was worth $900,000. He alleged the failure to provide him with notice was a "Due Process violation and my 5th Amendment . . . , 6th Amendment . . . , and 14th Amendment . . . rights are all VIOLATED." He also alleged "I have to place a Lis Pendens on the property in order to safe guard the property so I can live here," and he quoted from an unpublished federal district court case that discussed whether the filing of a notice of lis pendens is a significant enough restraint on property to trigger due process concerns (answer: no).[1] (*U.S. v. Jarvis* (D.N.M. Mar. 13, 2006, Cr. No. 05-1849 JH) 2006 U.S.Dist. LEXIS 113960.)

---

[1] " 'A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice.' " (*Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 647.)

The Association filed an answer and propounded discovery, including form interrogatories, a request for production of documents, and a request for admissions. It also noticed Plaintiff's deposition. When Plaintiff failed to respond to discovery or appear for his deposition, the Association filed a motion to compel responses and to deem matters admitted, and a motion to compel Plaintiff to appear for his deposition. Plaintiff filed no opposition. The court granted the motions.[2]

The Association served Plaintiff with notice of entry of the orders granting the motions, and one week later, Plaintiff dismissed the complaint without prejudice.

The Association then filed a motion seeking $20,781 in attorney's fees pursuant to Civil Code section 5975.[3] Section 5975 provides, "In an action to enforce the governing documents [of a common interest development], the prevailing party shall be awarded reasonable attorney's fees and costs." (§ 5975, subd. (c).) Once again, Plaintiff filed no opposition.

The trial court denied the motion, finding the Association could not "be determined to be the prevailing party." The trial court noted case law teaches the term prevailing party means the party who prevailed " 'on a practical level' " by achieving the main litigation objectives. It then noted the case "was still in the discovery phase," trial was "still five months away," and "the parties were actively participating in litigation with minimal information as to who would have prevailed on the merits of the action. Considering the totality of the circumstances and on balance, the court file does not demonstrate either party succeeded in its litigation objectives."

---

[2]    The record does not contain any of the underlying discovery documents or any of the documents related to the motions to compel.

[3]    Undesignated statutory references are to the Civil Code.

The Association filed a timely notice of appeal.[4]

## DISCUSSION

With regards to attorney's fees, California follows what is known as the American rule, whereby each party to a lawsuit is responsible for his or her own attorney's fees absent an agreement or a statute specifically authorizing fees.  (Code Civ. Proc., § 1021.) Here, the Association sought attorney's fees pursuant to a statute — namely, Civil Code section 5975.

Section 5975 is part of the Davis-Stirling Common Interest Development Act (§ 4000 et seq.), which "governs an action to enforce the recorded covenants and restrictions of a common interest development." (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 773.)  Section 5975 provides, "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." (§ 5975, subd. (c).)  "Reviewing courts have found that this provision . . . ' "reflect[s] a legislative intent that [the prevailing party] receive attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney fees) whenever the statutory conditions have been satisfied." ' [Citation.]  [¶]  The Davis-Stirling Act does not define 'prevailing party' or provide a rubric for that determination. In the absence of statutory guidance, California courts have analyzed analogous fee provisions and concluded that the test for prevailing party is a pragmatic one, namely whether a party prevailed on a practical level by achieving its main litigation objectives." (*Almanor Lakeside Villas Owners Assn.*, at p. 773.)  "We review the trial court's determination of the prevailing party for abuse of discretion.  [Citations.]  ' " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the

---

[4]    The Association filed an opening brief; Plaintiff did not file a response.

reviewing court has no authority to substitute its decision for that of the trial court.' " ' " (*Id.* at p. 774.)

The Association argues the trial court abused its discretion in finding it was not the prevailing party because case law teaches a defendant can be deemed a prevailing party if the plaintiff voluntarily dismissed the complaint. We agree a defendant *can* be deemed the prevailing party if the plaintiff voluntarily dismisses the complaint. However, the plaintiff's voluntarily dismissal does not *automatically* make the defendant the prevailing party or entitle it to attorney's fees. (See *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 595; *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 101-107.) In *Champir*, for example, the court *rejected* the defendant's argument that the plaintiff's "voluntary dismissal of the action . . . compels the conclusion that [the defendant] is the prevailing party, as a matter of law." (*Champir*, at p. 594.) Similarly, in *Coltrain*, the court rejected the defendant's argument that "a voluntary dismissal . . . should *automatically* entitle a defendant to attorney's fees." (*Coltrain*, at p. 107.) Instead, when the plaintiff voluntarily dismisses the action, the trial court has "discretion to determine whether the defendant is the prevailing party," and, "[i]n making that determination, the critical issue is which party realized its objectives in the litigation." (*Ibid*.)

The Association cites two cases to support its argument it was entitled to attorney's fees: *Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873 and *Salehi v. Surfside III Condominium Owners Assn*. (2011) 200 Cal.App.4th 1146. *Parrott* is inapplicable. In that case, the appellate court upheld an order awarding attorney's fees to the defendant pursuant to the precursor to section 5975 after the plaintiff voluntarily dismissed his lawsuit. (*Id*. at pp. 876-877.) The issue in *Parrott*, however, was whether the trial court had jurisdiction to award fees after the plaintiff dismissed the complaint (the answer was yes). The court expressly noted the defendant did not challenge the trial court's finding the plaintiff was the prevailing party, and it thus did not address that finding. (*Id.* at p. 877, fn. 2.)

5

*Salehi*, however, does provide at least some support for the Association's argument. There, a condominium owner filed a complaint against the owners association. The complaint contained 10 causes of action, and the gravamen of all of them was that, "in violation of the CC&R's, the [owners a]ssociation failed to 'appropriately maintain and repair [the condominium complex]' and to 'maintain an adequate reserve fund for the replacement of the common area facilities.' " (*Salehi v. Surfside III Condominium Owners Assn., supra*, 200 Cal.App.4th at p. 1151.) On the eve of trial, the plaintiff voluntarily dismissed eight causes of action without prejudice, and the day trial began on the remaining two causes of action she successfully moved to continue the trial on the ground her expert was experiencing health problems. (*Ibid*.) The owners association filed a motion pursuant to the precursor to section 5975 to recover the attorney's fees it incurred in defending against the eight causes of action the plaintiff voluntarily dismissed. (*Salehi*, at pp. 1151-1152.) The owners association argued the plaintiff dismissed these causes of action because a similar lawsuit had just been decided in its favor, and the plaintiff " 'must have realized that she would lose at her trial as well.' " (*Id*. at p. 1152.) In her opposition to the motion, the plaintiff stated she dismissed the eight causes of action for which her expert was an essential witness because she did not think the trial court would grant her a continuance, and she intended to refile those causes of action when the expert recovered. The trial court denied the motion, finding the owners association was not the prevailing party. (*Ibid*.) The appellate court reversed, holding, "We must conclude that the trial court abused its discretion as to who was the prevailing party." (*Id*. at p. 1155.) It explained, "Even though [the plaintiff's] dismissals were based on reasons unrelated to 'the probability of success on the merits' [citation], it is unfair to deprive [the owners a]ssociation of its reasonable attorney fees. Because of [the plaintiff's] dismissals, [the owners a]ssociation 'realized its litigation objectives.' " (*Id*. at p. 1156.)

6

The Association argues the facts here are analogous to the facts in *Salehi*. We find the facts are distinguishable because, unlike in *Salehi*, we have no statement from Plaintiff about why he dismissed the complaint and no evidence about the events leading up to the dismissal. Indeed, the record on appeal contains nothing but the complaint, the answer, the motion for attorney's fees, and the transcript of the hearing on the motion. *Salehi* thus does not compel a conclusion the Association was the prevailing party in this case.

We note, however, that we generally agree with the court in *Coltrain* that when a plaintiff voluntarily dismisses a lawsuit, the defendant will "ordinarily" be the prevailing party, at least absent some evidence to the contrary. (*Coltrain v. Shewalter, supra*, 66 Cal.App.4th at p. 107.) It explained: "[W]here the plaintiff voluntarily dismisses [a complaint] the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees . . . . In making that determination, the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." (*Ibid.*; see also *Santisas v. Goodin* (1998) 17 Cal.4th 599, 621 ["it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits"].) Here, Plaintiff filed no opposition to the motion for attorney's fees, so it is difficult to determine whether he dismissed because he achieved any of his litigation goals or for other reasons.

7

Ultimately, however, we need not decide whether the trial court abused its discretion in finding the Association was not the prevailing party. " '[W]e review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record.' " (*Wal-Mart Real Estate Business Trust v. City Council of San Marcos* (2005) 132 Cal.App.4th 614, 625.) We find Plaintiff's action was not one to enforce the governing documents within the meaning of section 5975, and the Association is thus not entitled to attorney's fees even if we assume it was the prevailing party.

According to the Association, "the Trial Court concluded that Plaintiff's Complaint was an action to enforce the Governing Documents because he sought a remedy and damages for not receiving proper notice of a hearing as required by section 13.06(d)(iv) of the CC&Rs." We have carefully reviewed the trial court's order denying the motion for attorney's fees and the transcript of the hearing on the motion, and the trial court made no such conclusion. Instead, the trial court found only that the Association was not the prevailing party, and it never mentioned, discussed, or considered whether the complaint was one to enforce the governing documents.

In its brief, the Association describes the complaint as follows: "Plaintiff filed the Complaint alleging that Plaintiff did not receive proper notice of the hearing as required by the Amended and Restated Declaration of Covenants, Conditions and Restrictions and Reservations of Easements [i.e., the CC&Rs]," and, "Plaintiff quoted the requirement found in section 13.06(d)(iv) of the CC&Rs, requiring he is timely apprised of 'the date, time and location of the hearing.' (Complaint 4:19-20; CT 000020.)" The complaint, however, never mentions the CC&Rs, much less quotes them. The portion of the complaint cited by the Association (i.e., page No. 4, line Nos. 19 through 20) alleges this: "Defendant had a Duty to uphold the law and issue a *Time, Date, Place and/or location* for this hearing, and to have a competent Referee hear this issue presented herein." (Italics added.) The Association contends the italicized language quotes section 13.06(d)(iv) of the CC&Rs, which provides: "Disciplinary hearings may be before the

8

Board or its duly appointed Covenants Committee and shall be scheduled at a date which is at least ten (10) days, but no more than thirty (30) days, following the date that notice of the hearing is given to the Owner.  The notice shall be given by either first-class mail or by personal delivery and *shall set forth the date, time and location of the hearing*, a general description of the violation and a notice that the Member has a right to attend the hearing and address the Board or its duly designated Covenants Committee."  (Italics added.)  We do not find Plaintiff "quoted" from the CC&Rs simply because he used the phrase "time, date, and place or location."

We agree with *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1082, which held, "To determine whether [the plaintiffs] sought by their action to enforce the . . . governing documents . . . we examine the allegations of their complaint."  The complaint in this case does not mention, reference, allude to, or cite the governing documents.  Moreover, "the prayer for relief does not ask the court to enforce any provision of the governing documents; and no governing document or part thereof is attached to the complaint."  (*Id*. at p. 1083.)  The complaint also contains no allegations about or reference to section 5975.[5]  As in *LNSU #1, LLC*, "We would expect to find such content in the complaint had [Plaintiff] sought enforcement of the Association's governing documents under section 5975.  Its absence shows this case is not that type of enforcement action."  (*LNSU #1, LLC*, at p. 1083.)  So, too, in this case.

As noted above, the complaint alleges the failure to provide notice of the hearing violated Plaintiff's "due process" rights.  Indeed, the complaint mentions "due process"

---

[5]     The complaint's caption cites section 3304, which deals with damages for "breach of a covenant of 'seizin,' of 'right to convey,' of 'warranty,' or of 'quiet enjoyment,' in a grant of an estate in real property," and sections 3294 through 3296, which deal with exemplary damages.

and the Fifth and Fourteenth Amendments two times.  We find this was not an action to enforce the governing documents.  It was a (perhaps misguided) action to enforce the due process clause against a private actor, even though the due process clause requires state or federal governmental action.  (See *Kruger v. Wells Fargo Bank* (1974) 11 Cal.3d 352, 366-367 [due process clause violation requires state action]; but see *Cohen v. Kite Hill Community Assn*. (1983) 142 Cal.App.3d 642, 651 [quoting approvingly from law review article noting homeowners associations have " 'quasi-governmental' " responsibilities and suggesting they could be required to due process standards in administering CC&Rs].)  That Plaintiff's attempt to vindicate his due process rights may have been misguided, however, does not turn his complaint into an action to enforce the governing documents.

Because this was not an action to enforce the governing documents, section 5975 is not applicable.

### DISPOSITION

The order denying the Association's motion for attorney's fees is affirmed.  Each party shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____/s/_____
EARL, P. J.


We concur:

_____/s/_____
BOULWARE EURIE, J.

_____/s/_____
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10